[No. 18350. In Bank.—January 20, 1894.]

# ELISABETH HOWELL, Respondent, v. J. M. HOWELL, Appellant.

APPEAL—LACK OF BILL OF EXCEPTIONS—DISMISSAL—AFFIRMANCE.—When an appeal has been legally taken from an order of the superior court, the lack of a bill of exceptions embodying and authenticating its proceedings is not a ground for dismissing the appeal, but rather for a judgment of affirmance, if there is nothing in the record upon which the action of the superior court can be properly reviewed.

ID.—REVIEW UPON JUDGMENT-ROLL.—Where the principal order appealed from is in form, substance, and effect, a judgment, and the appellant contends that it should be reversed upon the judgment-roll, and the questions presented upon a motion to dismiss the appeal involve the whole merits of the appeal, such motion will be denied.

| 101 | 115 |
|-----|-----|
| 104 | 127 |
| 101 | 115 |
| 105 | 272 |
| 101 | 115 |
| 129 | 160 |
| 101 | 115 |
| 149 | 177 |

MOTION to dismiss an appeal from an order or decree of the Superior Court of Tehama County requiring the defendant to pay the plaintiff permanent alimony.

The facts are stated in the opinion of the court.

*L. V. Hitchcock*, and *A. M. McCoy*, for Appellant.

The decision rendered is, in effect, a final judgment, from which an appeal properly lies. (*Sharon* v. *Sharon*, 67 Cal. 196; Code Civ. Proc., sec. 577; *California etc. R. R. Co.* v. *Southern Pacific R. R. Co.*, 67 Cal. 63.)

*Charles G. Nagle*, and *W. Henry Jones*, for Respondent.

An order allowing alimony is an order after judgment, which is itself subject of appeal. (*Sharon* v. *Sharon*, 79 Cal. 702.) In case of an appeal from any decision made after judgment, a bill of exceptions is the proper, and the only proper, mode of authentication. (Code Civ. Proc., sec. 651; *Somers* v. *Somers*, 81 Cal. 608.)

BEATTY, C. J.—This is an action by a wife for a divorce on the ground of desertion. Defendant being absent from the state was not personally served with summons, but, upon substituted service and his default, judgment was given in September, 1890, dissolving the

marriage, awarding to the plaintiff the custody of the minor children, and setting apart to her use all the community property in California.

More than a year after the entering of this judgment—in December, 1891—the defendant having come within the state, the plaintiff filed a petition in the nature of a supplemental complaint, setting forth that the defendant was possessed of a large amount of property in Idaho, the proceeds and increase of community property which he took with him at the time he deserted her, and praying for an order upon him to show cause why he should not be required to pay her permanent alimony, counsel fees, etc. Such order having been made and served upon the defendant, he appeared and demurred to the petition, and, his demurrer being overruled, afterward filed an answer.

Pending the hearing other orders were made by the court—one requiring the defendant to give security for the payment of any judgment that might be recovered against him, and another directing him to appear before a notary and give his deposition.

For disobedience of the latter order his answer was stricken out by one order, and by another his attorneys were debarred from cross-examining the witnesses produced by the plaintiff at the hearing of her petition.

After an *ex parte* hearing the court made an order or decree requiring the defendant to pay to the plaintiff one hundred dollars per month permanent alimony.

From this order or decree, and also from the orders striking out his answer and debarring his attorneys from cross-examining the plaintiff's witnesses, the defendant has appealed, and the plaintiff now moves to dismiss the several appeals because there is no bill of exceptions embodying the papers and evidence upon which the superior court based its action.

When an appeal has been regularly taken from an order of the superior court, the lack of a bill of exceptions embodying and authenticating its proceedings is not a ground for dismissing the appeal, but rather for a.

judgment of affirmance, if, as is usually the case, there is, in the absence of such bill of exceptions, nothing in the record upon which the action of the superior court can be properly reviewed. It is true this court has in such cases sometimes granted a motion to dismiss, the effect of the order being the same as a judgment of affirmance. This motion, however, presents an occasion for calling attention to the essential difference between a case in which the applicant has failed to take the proper steps for bringing his appeal before the court, when only the respondent has the right, under our rules, to make a motion to dismiss, and a case in which the appellant has, or is supposed to have, failed to make a record which, on being looked into, will disclose error in the judgment or order appealed from, when a motion to dismiss by the respondent is simply an effort to advance the hearing of the cause on its merits. In such cases the court has, as above stated, sometimes granted the motion when it was very apparent that the record before us was insufficient to enable us to review the errors assigned. But the present case is not of that sort. The principal order appealed from is, in form, in substance, and effect, a judgment, and it is contended by the appellant that it may be reviewed, and must be reversed upon the judgment-roll.

The questions presented are not free from difficulty, and involve the whole merits of the appeal. We are, therefore, not inclined to consider them on this motion in advance of other cases entitled to precedence.

Motion denied.

McFARLAND, J., DE HAVEN, J., PATERSON, J., and HARRISON, J., concurred.