[No. 15718.    Department One.—December 28, 1894.]

## A. W. RANDALL, APPELLANT, *v.* JULIA K. DUFF ET AL., RESPONDENTS.

APPEAL—ABSENCE OF EXCEPTIONS—DISMISSAL—MOTION TO AFFIRM—CONTEMPT—QUESTION UPON MERITS.—Where a motion to dismiss an appeal on the ground of the absence of a bill of exceptions has been denied, for the reason that such absence is not ground for dismissing an appeal, but rather for a judgment of affirmance, if there is no error in the record, a motion to affirm the judgment, made before the regular hearing of the appeal in its order upon the calendar, upon the grounds that the appeal is without merit and merely for delay, and that the appeal is from a judgment directed upon a former appeal, and is a contempt of court, will be denied, it appearing that counsel on each side have filed briefs upon the question whether the judgment was properly entered, and that its decision involves the examination of the record upon both appeals.

MOTION to affirm a judgment appealed from the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*S. M. Buck,* and *W. C. Belcher,* for Appellant.

*W. L. Duff, H. S. Foote,* and *L. D. McKisick,* for Respondents.

HARRISON, J.—Motion to affirm the judgment upon the ground that the appeal is without merit and merely for delay.

A motion heretofore made herein to dismiss the appeal was urged upon the same grounds as are now urged in support of the present motion, and was denied. (*Randall* v. *Duff,* 104 Cal. 126.) In the opinion then given reference was made to *Howell* v. *Howell,* 101 Cal. 115, in which it was said: "When an appeal has been regularly taken from an order of the superior court the lack of a bill of exceptions embodying and authenticating its proceedings is not a ground for dismissing the appeal, but rather for a judgment of affirmance, if, as is usually the case, there is in the absence of such bill of exceptions nothing in the record upon which the action of the superior court can be properly reviewed"; and the respondent presents that case as authority for his present motion. The opinion in that case does not authorize a motion for the affirmance of a judgment prior to a hearing upon the appeal in its regular order, but holds that upon such hearing a judgment of affirmance would necessarily be given. The additional ground for the motion, that as the judgment appealed from was entered in conformity with the directions of this court on the former appeal, the present appeal is a contempt of this court, does not appear upon the face of the judgment, and cannot be determined without an examination of the record in the two cases. Whether the judgment so entered is according to the directions upon the former appeal is the real question to be determined on this appeal, and counsel on each side has filed a brief in support of his position.

The respondent states in his notice of the present motion that on the hearing of said motion, and in support thereof, he will rely "upon the transcript, upon the points and authorities of the appellant and respondent now on file in said action and upon oral argument." This is in substance only a motion to advance the cause for hearing prior to being reached in its order upon the

calendar; and it can be readily seen that, if such procedure is permitted, the number of respondents who will urge an early hearing of their causes on account of the lack of merit in the appeal will be increased to such a degree as to practically dispense with the regular calendars of causes.

If, upon the hearing, it shall be made to appear that the appeal is without merit, and has been taken merely for delay, the statute furnishes an appropriate remedy. (Code Civ. Proc., sec. 957.)

The motion is denied.

GAROUTTE, J., and VAN FLEET, J., concurred.