[No. 15984.    In Bank.—February 28, 1895.]

LEOTA K. T. GUTIERREZ, PETITIONER, v. J. C. B. HEBBERD, JUDGE OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PARTITION—APPEAL FROM FINAL DECREE—BILL OF EXCEPTIONS—SERVICE. Where an interlocutory decree in partition has become final by affirmance only such matters can be reviewed upon appeal from the final decree as have intervened subsequently to the interlocutory decree; and a bill of exceptions upon such appeal need only be served upon such parties to the action as might be affected by a modification of the final decree.

ID.—AWARD TO PLAINTIFF OF LANDS ALLOTTED TO ONE DEFENDANT— SERVICE OF EXCEPTIONS UPON PLAINTIFF—MANDAMUS.—Where the final decree in partition has awarded to the plaintiff a portion of the lands allotted to one of the defendants by an interlocutory decree, and has been affirmed upon appeal, and the bill of exceptions prepared by such defendant upon appeal from the final decree was served only upon the attorney for the plaintiff, and the judge of the court refused to settle the bill because not served upon all the parties to the action in partition, a writ of mandate will lie commanding him to settle the bill, and the court will not inquire upon the application for the writ whether any other one of the parties to the action would be an adverse party, upon whom the proposed bill of exceptions should be served.

ID.—RIGHTS OF APPELLANT—DUTY OF JUDGE TO FACILITATE APPEAL.—An appellant has the right to have all the errors relied upon for the modification of a decree incorporated in a bill of exceptions, and it is the duty of the judge to facilitate, rather than to obstruct, efforts to have any errors in the decree corrected upon the appeal, and he ought not to deprive the appellant of an opportunity for correcting the decree by refusing to make the facts which would have that effect a part of the record.

ID.—QUESTIONS FOR APPELLATE COURT.—Whether parties not served with a bill of exceptions or with notice of appeal would be affected by a proposed modification of the judgment, or whether a bill of exceptions not served upon them can be considered upon the appeal, must be determined by the appellate court, and the appellant should not be refused the right to ask the appellate court to consider the bill of exceptions by reason of the possibility that the bill might not be considered upon appeal.

APPLICATION to the Supreme Court for a writ of mandate to the judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*T. M. Osmont,* for Petitioner.

*Edward J. Pringle,* for Respondent.

HARRISON, J.—Application for a writ of mandate. It is stated by the petitioner in the affidavit for the writ herein that in the action of *Emeric* v. *Alvarado,* for the partition of certain real estate, certain lands were, by the interlocutory decree, allotted to her, and that upon the final decree subsequently entered a portion of the lands so allotted to her was awarded to the plaintiff. After the entry of the final decree an appeal therefrom was taken on behalf of the petitioner, and subsequently a proposed bill of exceptions was served on her behalf upon the attorney for the plaintiff, who proposed amendments thereto, and, upon the same being presented to the respondent for settlement, he refused to settle the same, upon the ground that the bill of exceptions had not been served upon all of the parties to the action. Thereupon the present application was made to this court for a writ of mandate directing him to settle the said bill. It is now urged, in opposition to the application, that as the parties to an action in partition are all actors against each other, it was necessary that the proposed bill of exceptions should have been served upon all of them before the respondent would be authorized to settle the same. No objection was made to the form or sufficiency of the proposed bill, or to the time within which it was served, or any objection other than the want of service aforesaid.

As the interlocutory decree had become final by its affirmance in this court, the only matters that could be reviewed upon an appeal from the final decree would be such as had intervened subsequent to the rendition of

the interlocutory decree, and many of the reasons which are held to render all the parties to an action in partition actors against each other have no application. It is easy to conceive of many cases in which the contest upon an appeal from a final decree in partition would affect only a portion of the parties to the action, and in such cases only those parties that might be affected by a modification of the decree would be the "adverse party" upon whom a proposed bill of exceptions should be served. (See *Miller* v. *Thomas*, 71 Cal. 406.) If by the interlocutory decree a specific portion of the land is awarded to one of the parties, and upon the final decree this portion is allotted to another, none of the other parties to the action would *necessarily* be interested in the controversy over this parcel of land, although it might be that the circumstances connected with such allotment would be such as to render their presence necessary to an adjustment of the respective rights of the contestants. Neither the notice of appeal nor the decree in the present case is before us, and we are unable to say to what extent it might be modified as between the plaintiff and the petitioner, without the presence of the other parties; nor, indeed, would it be competent upon this application to examine the decree for that purpose. Until the bill of exceptions has been settled it cannot be known that there will be any reason for its modification. After the petitioner had taken an appeal from the decree she was entitled to have all the errors upon which she relied for a modification thereof incorporated in a bill of exceptions, and it was the duty of the respondent to facilitate, rather than to obstruct, her in her efforts to have the errors in the decree, if there were any, corrected upon the appeal. " A court should lean in favor of giving to litigants every reasonable opportunity of presenting their cases on the merits, and rules of procedure should be made to serve their true purpose of expediting and facilitating the disposition of causes according to their merits, rather than to convert them into a means of obstruction." (*Flagg* v. *Puterbaugh*, 98

Cal. 136.) The respondent ought not to deprive the petitioner of an opportunity for correcting the decree by refusing to make the facts which would have that effect a part of the record. If the matters which she seeks to have set forth in the bill of exceptions are such as, in the opinion of the respondent, would affect other parties to the judgment than those upon whom the proposed bill was served, their rights can be readily preserved by stating in his certificate of settlement the parties upon whom the proposed bill was served, or who had participated in its settlement. If, upon the hearing of the appeal, it should appear that the matters involved therein are such that they cannot be considered by this court, either by reason of a want of service of notice of appeal upon all who are entitled to be heard, or by reason of their having had no notice of the preparation of the record upon which the appeal is to be heard, or an opportunity to make that record correspond to the facts, their rights can then be protected. Whether these parties would, in fact, be affected by the proposed modification of the judgment, or whether a bill of exceptions in whose settlement they had had no voice could be considered upon the appeal of the petitioner, must be determined by the appellate court. The respondent should not make the possibility that the bill would not be considered upon an appeal a reason for refusing an appellant the right to ask the appellate court to consider it.

The application for the writ is granted.

GAROUTTE, J., McFARLAND, J., and VAN FLEET, J., concurred.

Rehearing denied.