[S. F. No. 113. Department One.—December 23, 1895.]

ESTATE OF W. M. RYER, DECEASED. CHRISTOPHER B. RYER, APPELLANT, v. ELISABETH INA RYER, EXECUTRIX, ETC., ET AL., RESPONDENTS.

APPEAL—DISMISSAL—FAILURE TO SERVE ADVERSE PARTIES ON MOTION FOR A NEW TRIAL.—Matters occurring prior to the judgment or order appealed from cannot be considered on a motion to dismiss an appeal upon the ground that the appeal has not been perfected; and the failure to serve the adverse party with the notice of intention to move for a new trial, or with the draft of a statement of the case, though it may be a reason for denying the motion for a new trial, or for refusing to settle the statement, or be a ground for affirming or reversing the order appealed from, does not deprive the appellate court of jurisdiction to hear the appeal, or constitute a reason for its dismissal upon the ground that the court has not acquired jurisdiction to hear it.

ID.—UNAUTHENTICATED TRANSCRIPT—AUTHENTICATION BEFORE HEARING OF MOTION.—Where a motion is made to dismiss an appeal upon the ground that the transcript has not been properly authenticated, if the appellant, prior to the hearing of the motion, files with the clerk of the appellate court a transcript properly authenticated by the clerk of the superior court, the ground of the motion is removed.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—SERVICE OF NOTICE—ADVERSE PARTY.—Upon appeal from an order denying a new trial, the parties to the motion in the court below are the only proper parties to the appeal, and the appellant is not required to serve a notice of appeal upon others than those to whom the original notice was directed, and who appear by the record to be adverse parties; and only the record can be examined for the purpose of determining who are such adverse parties.

ID.—USE OF ORDER IN COLLATERAL ACTION—REMOTE EFFECT UPON THIRD PARTIES.—The fact that the judgment or order appealed from may be used as evidence in some collateral action or proceeding, or that its reversal may have a remote or consequential effect to the prejudice of one who is not a party thereto, does not entitle such person to be made a party to the appeal; and no evidence extrinsic to the record to show that the reversal would have such effect can be received or considered on motion to dismiss the appeal.

ID.—APPEAL IN PROBATE PROCEEDINGS—JUDGMENT-ROLL.—There is no judgment-roll, strictly speaking, in proceedings in probate, but whenever such proceedings are so akin to a civil action as to necessitate the "papers" which are declared by section 670 of the Code of Civil Procedure to constitute the judgment-roll in a civil action, they may be held to constitute the judgment-roll referred to in section 661 of the Code of Civil Procedure.

ID.—PETITION OF HEIR FOR SHARE OF ESTATE—COLLATERAL INQUIRY—NOTICE—PARTIES.—The petition of an heir for a share of the estate of a

deceased person is in the nature of a collateral inquiry, or episode, interjected into the proceedings for the administration of the estate, presenting all the elements of a civil action instituted for the purpose of determining the right of the applicant to a share of the estate, and, in matters of procedure upon an appeal, should receive the same consideration as upon an appeal in a civil action; and it is only parties to the record who have appeared and resisted the application, upon the service of notice of the application, as required by section 1659 of the Code of Civil Procedure, who will be affected by a reversal of the judgment or order denying a new trial, and persons or corporations who did not resist the application, or place themselves upon the record, or make themselves parties to the proceeding, though they may have a beneficial interest in the estate, are not required to be served with the notice of motion for a new trial, or with the notice of appeal in such proceeding.

MOTION in the Supreme Court to dismiss an appeal from an order denying a new trial in the matter of the application of Christopher B. Ryer for partial distribution of the estate of Washington M. Ryer, deceased. WALTER H. LEVY, Judge.

The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* and *R. Y. Hayne,* for Appellant.

The notice of intention is not a part of the record on appeal, and cannot be looked at. If the notice is immaterial on appeal, its service must be also. (*Pico* v. *Cohn,* 78 Cal. 386; *Richardson* v. *Eureka,* 92 Cal. 65.) This point does not arise upon a motion to dismiss the appeal. (*Gumpel* v. *Castagnetto,* 97 Cal. 16; *Barnhart* v. *Fulkerth,* 92 Cal. 155; *Watson* v. *Sutro,* 77 Cal. 609.) On an application for partial distribution under section 1660 of the Code of Civil Procedure, the executor or administrator may appear and can appeal, and service upon him is a sufficient bringing before the court of those whom he represents. (*Estate of Kelley,* 63 Cal. 106.) It is only necessary on an appeal from an order denying a new trial to serve the notice of appeal on the parties to the motion for new trial in the court below. (*Watson* v. *Sutro, supra; In re Mackay,* 107 Cal. 303.)

*Stanly, Hayes & Bradley*, and *F. E. Spencer*, for Respondents Elizabeth Ina Ryer et al.

*George W. Haight*, for Respondent San Francisco Protestant Orphan Asylum.

Any party to the cause, whether nominally plaintiff or defendant or intervenor, whose interests are adverse to, or will be affected by, a reversal or modification of the judgment or order appealed from, is an adverse party within the meaning of section 940 of the Code of Civil Procedure. (*Senter* v. *De Bernal*, 38 Cal. 637, 660, et seq; *Randall* v. *Hunter*, 69 Cal. 80; *Milliken* v. *Houghton*, 75 Cal. 540; *In re Castle Dome etc. Co.*, 79 Cal. 246; *Harper* v. *Hildreth*, 99 Cal. 265; *Lancaster* v. *Maxwell*, 103 Cal. 67, 68; *Williams* v. *Santa Clara Min. Assn.*, 66 Cal. 193.) It is not necessary to entitle a party to appeal from an adverse decision, in some classes of cases, that he should have been a party to the record below, much less that he should have actually appeared and taken a part in the proceedings there. (*Howard* v. *Galloway*, 60 Cal. 10; Bayliss on New Trial and Appeal, 34; *Barnes* v. *Stoughton*, 6 Hun, 254; *Hobart* v. *Hobart*, 86 N. Y. 636.) The failure to file a transcript duly certified by the clerk of the proper court, or authenticated by the certificate or stipulation of the attorneys for all the parties in the cause, is ground for a dismissal of the appeal. (*Estate of Medbury*, 48 Cal. 83; *In re Wierbitszky*, 88 Cal. 333.) The failure of appellant to serve his notice of intention to move for a new trial and statement on such motion upon the Boys' and Girls' Aid Society, the Protestant Orphan Asylum, and the Protestant Episcopal Old Ladies' Home, is ground for dismissal of the appeal. (Code Civ. Proc., secs. 940, 1011, 1015; *Senter* v. *De Bernal, supra; Perkins* v. *Wakeham*, 86 Cal. 580; 21 Am. St. Rep. 67; Hayne on New Trial and Appeal, 210.)

HARRISON, J.—Motion to dismiss the appeal. The last will and testament of Washington M. Ryer, deceased, was admitted to probate and letters testamentary

issued thereon July 13, 1892, and after the expiration of four months therefrom the appellant herein, claiming to be an heir of the deceased, presented his petition to the superior court for the share of the estate to which he claimed to be entitled. To this petition the executors and certain of the heirs and legatees of the deceased filed their answers, and the issues thus presented were tried by the court, and judgment rendered denying the petition. The petitioner then moved for a new trial, which was denied, and he has appealed from the order denying this motion. A motion is now made by the executors, and also by certain corporations claiming to be beneficiaries under the will of the deceased, to dismiss the appeal, upon the grounds that the notice of intention to move for a new trial, as well as the appellant's draft of his statement of the case, were not served upon these corporations; that the transcript on appeal, which was filed herein, was not properly authenticated by reason of not having been certified on behalf of these corporations; that the notice of appeal was not served upon either of these corporations, and that, as they are adverse parties to the appellant, this court has no jurisdiction of the appeal unless they have been properly brought before it.

1. A failure to serve the adverse party with notice of the intention to move for a new trial, or with the draft of a statement of the case, may be a reason for denying the motion for a new trial, or for refusing to settle the statement, and may, upon an appeal, if such service was necessary, be a ground for affirming or reversing the order appealed from; but it does not deprive this court of jurisdiction to hear the appeal, or constitute a reason for its dismissal upon the ground that the court has not acquired jurisdiction to hear it. (*Barnhart* v. *Fulkerth*, 92 Cal. 155.) Matters occurring prior to the judgment or order appealed from cannot be considered on a motion to dismiss an appeal upon the ground that the appeal has not been perfected. (*Centerville etc. Ditch Co.* v. *Bachtold*, 109 Cal. 111.)

2. Prior to the hearing of this motion the appellant had filed with the clerk of this court a transcript properly authenticated by the clerk of the superior court, and has thus removed this ground of the motion. (*Estate of Medbury*, 48 Cal. 83; *Woodside* v. *Hewel*, 107 Cal. 141; *Warren* v. *Hopkins*, ante, p. 506.)

3. Upon an appeal from an order denying a new trial, the parties to the motion in the court below are only proper parties to the appeal (*Watson* v. *Sutro*, 77 Cal. 609); and the appellant is not required to give notice of appeal to others than those to whom the original motion was directed. The "adverse party" upon whom a notice of appeal is to be served is the party who appears by the record to be adverse (*Harper* v. *Hildreth*, 99 Cal. 265); and the record which is to be considered for that purpose is the record of the proceedings in which the appeal is taken. The rule that the notice of appeal must be served upon all parties that would be affected by a reversal of the order and judgment appealed from, is to be construed with the other rule that only the record can be examined for the purpose of determining who are such adverse parties. The fact that the judgment or order may be used as evidence in some collateral action or proceeding, or that its reversal may have a remote or consequential effect to the prejudice of one who is not a party thereto, does not entitle such person to be made a party to the appeal. If it is necessary to resort to evidence extrinsic to the record upon the appeal in order to show that the reversal will have such effect, the appeal will not be dismissed.

The record to be used on an appeal from an order granting or refusing a new trial consists of the judgment-roll and the bill of exceptions or statement used on the hearing of the motion, with a copy of the order appealed from. (Code Civ. Proc., sec. 661.) There is no "judgment-roll," strictly speaking, in proceedings in probate, but, whenever proceedings in probate are so akin to a civil action as to necessitate the "papers" which are declared by section 670 to constitute the judg-

ment-roll in a civil action, they may be held to constitute the judgment-roll referred to in section 661. In *Bauquier's Appeal*, 88 Cal. 302, it was held that a motion for a new trial is appropriate in proceedings in probate, "whenever the action of the court which is invoked is dependent upon the existence of certain extrinsic facts which are presented to it for determination in the form of pleadings, and are to be decided by it in conformity with the preponderance of the evidence offered thereon," and that an appeal will lie from the order made on the motion for a new trial.

The proceeding instituted in the superior court by the appellant herein, is in the nature of a collateral inquiry, or episode, interjected into the proceedings for the administration of the estate, in which there are pleadings, process, trial, findings, and a judgment, thus presenting all the elements of a civil action instituted in an independent suit for the purpose of determining the right of the appellant to a share of the estate, and, in matters of procedure upon an appeal, should receive the same consideration as upon an appeal in a civil action. The proceedings were taken by virtue of sections 1658 to 1660 of the Code of Civil Procedure. Section 1659 provides: "Notice of the application must be given to the executor or administrator personally, and to all persons interested in the estate, in the same manner that notice is required to be given of the settlement of the account of an executor or administrator." The manner in which notice of the settlement of the account of an executor or administrator is to be given is prescribed in section 1633, which requires the clerk to "appoint a day for the settlement thereof, and thereupon give notice thereof by causing notices to be posted in at least three public places in the county, setting forth the name of the estate, the executor or administrator, and the day appointed for the settlement of the account." In the present case personal notice of the application was served upon the executors, and the clerk caused to be posted for five days in three public places, in the city and

county of San Francisco, a notice "to all persons inter-ested in the estate" to appear and show cause why the said petition should not be granted. The court thus acquired jurisdiction over all parties interested in the estate, to hear the application. Section 1660 provides: "The executor or administrator, or any person inter-ested in the estate, may appear at the time named and resist the application"; and, accordingly, the executors and certain others claiming to be interested in the estate resisted the application and filed answers thereto. The only parties to the record are those who appeared and resisted the application, and they are the only parties who will be affected by a reversal of the order appealed from. The corporations herein referred to, who have not been served with the notice of appeal, did not resist the application, or in any way place themselves upon the record, or make themselves parties to the proceed-ing; and it is only by resorting to evidence outside of the record that it can be determined whether they are interested in the proceeding, or whether they will be in any way affected if a different result shall be reached upon a new trial. The only issues of fact to be tried in the court below were those presented by the parties who had filed answers to the application, and, as, upon the original trial of those issues, only the parties thereto could claim the right to be heard, so only the parties to those issues are necessary parties to the hearing of an appeal from the order of the court refusing to re-exam-ine the issues.

The motions are denied.

GAROUTTE, J., and VAN FLEET, J., concurred.