[S. F. No. 564.    Department One.—October 7, 1896.]

In the Matter of the Estate of JAS. H. BULLARD, Deceased.  JAS. A. BULLARD, Appellant; WM. P. BULLARD, Administrator, etc., Respondent.

Appeal—Estates of Deceased Persons—Accounting by Administrator—Adverse Parties—Notice of Appeal.—On an appeal from an order settling the account of an administrator of the estate of a deceased person, whenever it appears from the record upon the appeal, that there are others besides the administrator affected by the appeal, whose interests are adverse to the appellant, the notice of appeal must be served upon them in order to give the supreme court jurisdiction to review the matter appealed from.

Id.—Record on Appeal—Claimant not Served with Notice—Dismissal.—It is only the record upon the appeal which can be examined for the purpose of ascertaining who are adverse parties to be served with the notice of appeal, and such record is the record of the proceeding in which the appeal is taken; and where, from such record, it appears that a claimant against the estate, whose claim is contested by the appellant, was not a party to the proceedings in the trial court, the failure to serve him with a notice of appeal is not a reason for dismissing the appeal.

Motion to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco, settling the accounts of the administrator of the estate of a deceased person.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

*George D. Collins,* for Appellant.

*H. H. McPike,* and *Tobin & Tobin,* for Respondent.

Harrison, J.—Motion to dismiss the appeal.  The administrator of the estate of the above-named decedent rendered to the superior court his account of the administration of said estate for settlement, and in connection therewith reported a claim against the estate in favor of the Hibernia Savings and Loan Society, which had been presented and allowed by him, for the sum of eighteen hundred and sixteen dollars and twenty-five cents, and afterward approved by the judge and filed in the court.   On the hearing of the settlement of said

account one of the heirs of the decedent contested the allowance of this claim, and excepted to the account in this respect, but his exception was overruled, and the account was settled and allowed. In his appeal from this order the notice of appeal was served upon the administrator alone, and a motion is now made to dismiss the appeal upon the ground that the notice of appeal was not served upon the claimant; that the claimant is in reality the adverse party, without whose presence this court has no jurisdiction to review the order appealed from.

In *Delaney's Estate*, 110 Cal. 563, it was held, in reference to the appeal then before the court, that the executor was the only adverse party upon whom it was necessary to serve the notice of appeal from the order settling his accounts, for the reason that he was the only party adverse to the contestant in the matter then appealed from. It was not held, nor was it stated as a rule of procedure, that in every appeal from an order settling the account of an executor he is the only " adverse party " upon whom the notice of appeal must be served. In an appeal from such order, as in any other appeal, whenever it appears that there are others affected by the appeal whose interests are adverse to the appellant, their presence in the appellate court is necessary to give that court jurisdiction to review the matter appealed from. It is only the record upon the appeal, however, which can be examined for the purpose of ascertaining who are adverse parties to be served with the notice of appeal. (*Harper* v. *Hildreth*, 99 Cal. 265); " and the record which is to be considered for that purpose is the record of the proceeding in which the appeal is taken." (*In re Ryer*, 110 Cal. 556.)

It does not appear from the bill of exceptions in the present case that the Hibernia Savings and Loan Society was in any respect a party to the proceedings in the superior court from which the present appeal is taken, and, unless it was a party thereto, it was not necessary to serve the notice of appeal upon it.

The suggestion by the respondent that the superior court had no jurisdiction to pass upon the contestant's exception to the allowance of its claim, for the reason that no citation had been issued to the claimant, and that the claimant had had no opportunity to be heard upon the exception, is unavailing as a reason for dismissing the appeal. It was held in *In re Ryer, supra,* that, while a failure to serve the adverse party with notice of the intention to move for a new trial might be a reason for denying the motion in the superior court, and might upon an appeal, if such service was necessary, be a ground for affirming or reversing the order appealed from, it does not deprive this court of jurisdiction to hear the appeal, or constitute a ground for its dismissal. (See, also, *Herriman* v. *Menzies,* 115 Cal. 16.) The principles applicable to an appeal from an order denying a new trial are applicable to the present appeal.

The motion is denied.

Garoutte, J., and Van Fleet, J., concurred.