[S. F. No. 1821. Department One.—June 6, 1899.]

In the Matter of the Estate of ANGELIA R. SCOTT, Deceased. E. W. SCOTT, Appellant.

APPEAL—DISMISSAL—TIME TO FILE TRANSCRIPT—SETTLEMENT OF STATEMENT—PRESUMPTION OF JURISDICTION.—An appellant is entitled to forty days after the settlement of a statement on motion for a new trial in which to file his transcript upon appeal; and upon a motion to dismiss the appeal, it must be presumed that the act of the judge in settling the statement was within his jurisdiction.

ID.—REVIEW OF ERROR.—Any error in settling the statement must be considered at the hearing of the appeal, and cannot be reviewed upon a motion to dismiss the appeal.

ID.—APPEAL FROM NEW TRIAL ORDER—DEFECTS IN PROCEEDINGS—NOTICE OF MOTION.—An appeal from an order denying a new trial will not be dismissed for any defect in the proceedings in the superior court leading up to the motion, or on the ground that the court improperly made the order. The failure to serve the notice of the motion upon all the parties to the proceeding, or any defect in the character of the notice, is not ground of motion to dismiss such an appeal, and can only be considered upon the hearing of the appeal.

ID.—ORDER ADMITTING WILL TO PROBATE—PRESUMPTION UPON APPEAL—USE OF NEW TRIAL STATEMENT.—Upon appeal from an order admitting a will to probate, where it appears that a motion for a new trial had been made and denied, it will be presumed that the settled statement on such motion, which became a record of the court, was used on the hearing of the motion; and no defect in the proceedings for the motion can be ground for dismissing the appeal from the order.

ID.—SERVICE OF NOTICE OF APPEAL—ADVERSE PARTIES.—Upon appeal from such an order, the legatees and devisees under the will are adverse parties, upon whom the notice of appeal must be served; and if one of them is not served therewith, the appellate court has no jurisdiction to hear the appeal as between the other parties, and it must be dismissed.

ID.—SERVICE UPON PARTIES APPEARING—ATTORNEY FOR ABSENT PARTIES. A notice of appeal from an order admitting a will to probate addressed to and served upon all parties who appeared at the contest of the probate of the will, including an attorney for absent heirs and creditors not otherwise represented, who appeared at the hearing of the contest, is sufficient to give jurisdiction to hear the appeal.

ID.—PROBATE MATTERS—RIGHT OF APPEAL—LIBERAL CONSTRUCTION OF STATUTES.—The right of appeal to this court from the superior court in all such probate matters as may be provided by law, is given

124 671
131 458

124 671
133 324
124 671
143 138
143 335
143 496
143 500
124 671
145 87

124 671
149 175
149 177

by the constitution, and statutes making provision for such appeals, and regulating the procedure therefor, should be liberally construed.

ID.—ENTRY OF ORDER—TIME FOR APPEAL—STIPULATION—ESTOPPEL.— The time for appeal from an order admitting a will to probate begins to run only from the date of the actual entry of the order at length in the records of the court, and is determined by the statute, and not by the stipulation of the parties. A stipulation that the order was actually entered at a date prior to its actual entry does not estop the appellant from showing the contrary to sustain the appeal, the respondent not having parted with nor obtained any right by reason of the stipulation, and not being injured by the disregard thereof.

MOTION in the Supreme Court to dismiss appeals from an order of the Superior Court of the City and County of San Francisco, admitting a will to probate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, for Appellant.

Philip G. Galpin, and A. E. Bolton, for Respondents.

HARRISON, J.—Motion to dismiss the appeal. The appellant filed a contest in the superior court of the probate of the will of Angelia R. Scott, and the issues made upon his contest were tried and decided in favor of the proponents of the will. The findings of the court and its direction that the will be admitted to probate were filed September 12, 1898, and on October 12, 1898, an order in pursuance thereof was entered. A notice of appeal from this order was given by the appellant herein November 2, 1898, and on December 2, 1898, he filed and served a second notice of appeal from the order. February 23, 1899, the proponents of the will gave notice to the appellant of a motion to dismiss his appeal for failure to file the transcript within forty days after perfecting the appeal, and upon the further ground that the notices of appeal were defective, and had not been served upon all the adverse parties.

1. The contestant gave notice of a motion for a new trial September 21, 1898, and thereafter prepared a statement to be used upon this motion, which with the amendments were presented to the judge of the superior court for settlement, and at the time the notice of the motion herein was given proceedings

were pending before the judge of the superior court for the set-
tlement of this statement. Under rule II of this court the ap-
pellant was entitled to forty days after the settlement of this
statement within which to file the transcript.

The respondents have presented certain affidavits purporting
to show irregularities in the proceedings for the settlement of
the statement, by which they claim that the judge had no jur-
isdiction or authority to settle the same, and which they pre-
sented to him as objections to its settlement by him, and there-
fore contend that, as this statement cannot be considered upon
the appeal from the order, it forms no excuse for the delay in
filing the transcript. It was shown, however, at the hearing
herein that subsequent to the giving of notice of this motion
the judge of the superior court had in fact settled the statement,
and we must hold that the appellant had forty days after such
settlement within which to file the transcript. Upon a motion
to dismiss the appeal, we must assume that the act of the judge
in settling the statement was within his jurisdiction, and that
he was authorized to settle it. If the respondents would claim
that he committed error in so doing, such error must be con-
sidered at the hearing of the appeal, and cannot be reviewed
upon a motion to dismiss the appeal.

It is further urged that, as the notice of intention to move
for a new trial was not served upon all the parties to the pro-
ceeding, it was ineffective, and for that reason the statement
could not be used upon the hearing of that motion, and, conse-
quently, is not available upon the appeal from the order admit-
ting the will to probate. It has been frequently held that an
appeal from an order denying a new trial will not be dismissed
upon the ground of any defect in the proceedings in the superior
court leading up to the order (*Barnhart v. Fulkerth*, 92 Cal. 155;
*Gumpel v. Castagnetto*, 97 Cal. 15; *Estate of Ryer*, 110 Cal. 556;
*Estate of Bullard*, 114 Cal. 462), as this would involve an ex-
amination of the action of the court below, which can properly
be had only upon the hearing of the appeal. If an appeal has
been properly taken from an order subject to be reviewed in
this court, it cannot be dismissed upon the ground that the court
below improperly made the order. Neither can we, under the
same principles, consider the character of the notice of inten-

tion to move for a new trial. It was shown at the hearing herein that the motion for a new trial had been entertained by the court and denied, and it will be presumed that the statement that had been settled by the judge, and which thereby became one of the records of the court, was used upon the hearing of this motion.

2. The notice of appeal which was given November 2, 1898, was directed to the proponents of the will and their attorneys, but did not purport to be a notice to any of the legatees or devisees under the will. As the effect of a reversal of the order admitting the will to probate would be to deprive the legatees of whatever interest in the estate of the decedent is given to them by the will, it is evident that they are interested in maintaining the order appealed from, and are, therefore, adverse parties to the appellant upon this appeal. The respondents concede that the notice was served upon those legatees who had appeared at the hearing upon the contest, with the exception of the Protestant Orphan Asylum, for whom an appearance had been made by George W. Haight, as its attorney; but it is not shown that there was any service made upon this legatee or its attorney. As no service of the notice of appeal was made upon this legatee, it cannot be bound by any order or judgment made upon the appeal, and this court is therefore without jurisdiction to hear the appeal, even as between the other parties.

3. The notice of motion to dismiss the appeal of December 2d states as one of the grounds thereof that it was not served on all the adverse parties to said appeal, but in the printed points filed in support of the motion it is stated by the respondents that this notice of appeal was "addressed and served on all parties who had appeared." A large number of the legatees appeared by attorneys of their own selection, and before the hearing of the contest the court appointed E. D. Sawyer as attorney "to represent any and all absent heirs and creditors otherwise interested in or otherwise unrepresented" in the matter, and it is recited in the order appealed from that the attorney thus appointed for the persons otherwise unrepresented appeared at the hearing upon the contest. As the notice of this appeal was served upon this attorney as well as the others, it appears that all the adverse parties were before the court. We are not in-

clined to dismiss an appeal upon grounds or for defects in procedure that are purely technical, when it is apparent that the appellant has complied with the substantial requirements for perfecting his appeal, and is prosecuting the same with diligence and in good faith. The right of an appeal to this court from the superior court is given by the constitution in all such probate matters as may be provided by law, and statutes making such provision, and regulating the procedure therefor, should be liberally construed.

The other ground stated in the notice of motion for the dismissal of this appeal is, that it was not taken within sixty days after the entry of the order appealed from. The notice of appeal purports in terms to be from an order made and entered in the superior court on the eleventh day of October, 1898, and, as it was shown at the hearing herein that that was the date upon which the order admitting the will to probate was entered at length in the records of the court, the sixty days within which to appeal from the order began to run at that date. (*Home of Inebriates v. Kaplan*, 84 Cal. 486; *Estate of Pearsons*, 119 Cal. 27.)

Annexed to the affidavit of the moving party herein is a copy of a stipulation filed in the court below, November 21, 1898, between the attorneys for some of the parties to the proceeding therein, including the contestant and the proponents of the will, as follows: "Some confusion having arisen in the above-entitled cause as to the date of the actual entry of the order admitting the will to probate and appointing the executors, which said orders were signed and filed in this court on the twelfth day of September, 1898, for the purpose of settling said date so that the same shall be fixed and certain, it is hereby stipulated for all purposes that the said orders were actually entered as provided by law on the same date the same were filed, to wit, on the twelfth day of September, 1898"; and the respondents urge that, by reason of this stipulation, the appellant is precluded from contending that the appeal was within sixty days after the entry of the order.

The time within which the appellate jurisdiction of this court may be invoked is determined by statute, and not by a stipulation of the parties. The code provides that an appeal may be

taken from an order admitting a will to probate "within sixty days after its entry," and it has been held that their rights in respect to an appeal are determined by the date of its "actual entry." (*Coon v. United Order of Honor*, 76 Cal. 354.) The action of the superior court does not become definite and certain until it is entered at length in its records. Prior to that time it is in the breast of the judge, and, until it shall be so entered, his decision may be changed from time to time according to his views. It is only when his decision has become the judgment of the court, and thus passed beyond his recall, that the appellate jurisdiction of this court may be invoked. (*Brady v. Burke*, 90 Cal. 1.) If parties could, by their stipulation, bring before this court for review a decision of the superior court before it had been entered in that court, it would be within their power to invoke our action upon moot questions, and we might be called upon to affirm or reverse orders that had never been made, or judgments that had never been entered. It does not appear for what purpose the above stipulation was entered into, the only recital therein being the "confusion" that had arisen as to the date of the actual entry of the order. There does not, however, appear to have been occasion for any confusion, as the date of filing and the date of entry are distinct and separate acts, and performed at different times. In fact, the date of its entry would seem to be as important a part of the record as the entry itself, and as readily ascertained (Code Civ. Proc., sec. 672; see, also, *Menzies v. Watson*, 105 Cal. 109); but, whatever may have been the cause of the confusion, we hold that the stipulation did not have the effect to deprive the contestant of the right to review the action of the superior court, or to change the time from which his right of appeal should begin to run. There is nothing in the stipulation which, by its terms, purports to express such a purpose, and, in the absence of express terms to that effect, we cannot assume that the parties thereto intended something which they were unauthorized to do. We do not mean to hold that parties may not be bound by an express stipulation when it would be inequitable to disregard it or when by reason thereof, others have been induced to take action which would cause them detriment in case the stipulation were disregarded. There is, however, no room to invoke

this proposition in the present case. There is no element of estoppel which the respondents can invoke against the appellant. They parted with no right by reason of the stipulation, nor did they obtain any right therefor which they are now asked to surrender.

The motion to dismiss the appeal which was taken November 2, 1898, is granted. The motion to dismiss the appeal of December 2, 1898, is denied.

Garoutte, J., and Van Dyke, J., concurred.