## GARDNER v. STARE et al.*

## L. A. No. 993; August 14, 1901.

### 66 Pac. 3.

**Appeal.**—A Motion to Dismiss an Appeal from an Order Denying a new trial because such motion was not served on all the parties who would have been adversely affected by the granting of the motion will not be considered, since it involves the merits of the appeal and an examination of the record.

**Appeal.**—Where, in an Action Concerning the Separate Property of a wife, whose husband defaulted, it appears that pending a motion for a new trial such wife died, whereupon all parties consented to the substitution of her administrator, and notice of appeal was served on him, a motion to dismiss the appeal on the ground that such husband and wife had not been served with notice of the appeal is of no avail.

APPEAL from Superior Court, Los Angeles County; M. T. Allen, Judge.

Action by William Gardner against Catherine Stare and others. From a judgment in favor of plaintiff, and an order denying a new trial, Adeline Johnson appeals. Plaintiff moves for a dismissal of the appeal. Motion denied.

C. N. Wilson and Leslie R. Hewitt for appellant; Dunnigan & Dunnigan, Cole & Cole, Fred. L. Wood, Graves, O'Melveny & Shankland and Goodrich & McCutchen for respondents.

BEATTY, C. J.—This is a motion to dismiss an appeal from an order denying a new trial. The grounds of the motion are: First, that the notice of appeal was not served on parties who would be adversely affected by a reversal of the judgment; second, that the notice of motion for a new trial was not served upon all the parties who would have been adversely affected by the granting of the motion.

The second ground of the motion involves the merits of the appeal and an examination of the record, and is therefore not to be considered on a motion to dismiss. It relates to matters arising prior to the order appealed from: Centerville etc. Ditch Co. v. Bachtold, 109 Cal. 111, 41 Pac. 813; In re Ryer's Estate, 110 Cal. 559, 42 Pac. 1082.

*For subsequent opinion, see 135 Cal. 118, 67 Pac. 5.

The first ground of the motion is answered by an affidavit showing a sufficient service of the notice of appeal as to the parties named in the motion. The objection was that Catherine Stare and John Stare, her husband, had not been served. The record shows that the action concerned the separate property of the wife, and that John Stare never had any interest in the litigation. He made default, and the judgment does not affect him in any way. It is further shown by certified copy of stipulation of the parties, and by affidavit of appellant's attorney, that Catherine Stare died pending the motion for new trial, that all parties consented to the substitution of her administrator, and that the notice of appeal was served upon the administrator. The motion is denied.

We concur: McFarland, J.; Harrison, J.; Van Dyke, J.; Henshaw, J.