[S. F. No. 4499. Department One.—April 10, 1906.]

In the Matter of the Estate of M. YOUNG, Deceased. PAULINE YOUNG HYDE, and SARAH YOUNG, Appellants, v. A. ST. CLAIR and WILLIAM ARMSTRONG, Executors, et al., Respondents.

ESTATES OF DECEASED PERSONS—ORDER REFUSING PARTIAL DISTRIBUTION —SERVICE OF BILL OF EXCEPTIONS—"ADVERSE PARTIES."—A bill of exceptions to an order refusing and dismissing petitions for partial distribution by children not provided for in the will of the decedent must be served upon all "adverse parties" who appear to be such by the record, including the devisees named in the will who appeared and opposed the petition and who may be affected by a reversal or modification of the order; and in the absence of such service within the time required by law the bill of exceptions cannot be considered upon appeal from the order.

ID.—RECORD UPON APPEAL FROM ORDER—PROCEEDINGS UPON PETITION BY CHILDREN OMITTED FROM WILL—FORMER JUDGMENT.—Where in the absence of a bill of exceptions the record upon appeal from the order denying and dismissing the petition by children omitted from the will for partial distribution consisted of the proceedings held upon the petition, by devisees under the will in opposition thereto, and an order, after a finding in support of an assertion by the devisees that a former similar proceeding by petitioners had terminated in a final judgment on the ground that the omission to provide for them

in the will was intentional, denying and dismissing the petition,—
such record discloses no error.

ID.—SUPPORT OF FINDING AS TO FORMER JUDGMENT—PRESUMPTION—
CONCLUSION JUSTIFIED.—In the absence of a ·bill of exceptions it
must be presumed upon appeal that the finding of the court as to
the former judgment was sustained by the evidence and that the
former adjudication against the petitioners concluded them on this
hearing. Whether issues were formally raised therein or not, the
facts recited and found in the order fully justified the conclusion
· reached by the court.

APPEAL from an order of the Superior Court of Santa
Cruz County denying and dismissing a petition for partial dis-
tribution of the estate of a deceased person. Lucas F. Smith,
Judge.

The facts are stated in the opinion of the court.

J. J. Scrivner, William Aydelotte, and Alfred H. Cohen, for
Appellants.

Jeter & Makinney, W. P. Netherton, and Hugh R. Osborn,
for Respondents.

SLOSS, J.—M. Young died, leaving a last will, which was
admitted to probate in the superior court of Santa Cruz
County, and letters testamentary thereon were issued to A.
St. Clair and William Armstrong on the 27th of April, 1903.
On December 12, 1904, Pauline Young Hyde, one of the ap-
pellants, filed a petition for partial distribution, in which she
alleged that the decedent had left as his sole heirs four chil-
dren, of whom she was one, and that said decedent had, by
an omission not appearing to be intentional, failed to provide
in his will for any of his said children. The executors met this
petition by a motion to strike the same from the files, and a
similar motion was made, upon notice to the petitioner, by
K. A. Osborn and three others named as residuary devisees
in the will. Subsequently, a similar petition for partial dis-
tribution was filed by Sarah Young, claiming to be one of the
children and heirs of M. Young, and motions to strike this
petition from the files were made by the executors and the
four devisees above mentioned. The petitions and motions
having been submitted, the court made an order, in which
it ''adjudged and decreed that the said petitions of Pauline

Young Hyde and Sarah Young, and each of them, be, and the same hereby are, denied and dismissed." From this order the petitioners prosecute this appeal.

The points made by the appellants for reversal appear in a bill of exceptions. This bill contains a recital by the judge of the trial court to the effect that the draft of the proposed bill of exceptions had not been served on the respondent devisees within the time allowed by law. Said devisees objecting to the settlement of the bill, the judge sustained their objections and refused settlement of the bill "so far as it relates to or purports to in any way bind said devisees," and settled it "so far as it relates to the executors." It is now contended by the respondents that the order must be affirmed for want of a bill of exceptions binding all the necessary parties to the appeal.

Under section 650 of the Code of Civil Procedure, the draft of a bill of exceptions, or a copy thereof, must, within ten days after notice of entry of judgment, be served upon the adverse party. The phrase "adverse party" is also found in section 940, relating to service of notice of appeal, and as used in that section has been construed many times by this court. Such "adverse party" is defined in *Senter* v. *De Bernal,* 38 Cal. 637, to be "every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken." (*O'Kane* v. *Daly,* 63 Cal. 319; *Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 195, [5 Pac. 85]; *In re Castle Dome etc. Co.,* 79 Cal. 249, [21 Pac. 746]; *Harper* v. *Hildreth,* 99 Cal. 267, [33 Pac. 1103]; *Vincent* v. *Collins,* 122 Cal. 390, [55 Pac. 129]; *Estate of Scott,* 124 Cal. 671, [57 Pac. 654]; *Elliott* v. *Superior Court,* 144 Cal. 406, [103 Am. St. Rep. 102, 77 Pac. 1109].) And, except as hereinafter stated, service of a notice of appeal on every adverse party is essential to give the appellate court jurisdiction of the appeal. (See cases cited above.) It is true that notice need not be served on all parties to the action if a modification sought can be effected without affecting the rights of those not served. (*Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 195, [5 Pac. 85]; *Miller* v. *Thomas,* 71 Cal. 406, [12 Pac. 422].) And not every person who may be

affected by a reversal or modification of the judgment or order is an "adverse party," who must be served. The "adverse party" upon whom a notice of appeal is to be served is the party who appears by the record to be adverse (*Harper* v. *Hildreth*, 99 Cal. 267, [33 Pac. 1103] ; *In re Ryer*, 110 Cal. 556, [42 Pac. 1082] ; *In re Bullard*, 114 Cal. 462, [46 Pac. 297])—that is, a party who has appeared and taken part in the proceeding in the lower court. (*Estate of McDougald*, 143 Cal. 476, [77 Pac. 443].)

No doubt the phrase "adverse party" is to be given a similar interpretation as applied to service of bills of exception. In the present case, the devisees respondent were "adverse parties," who were entitled to service of a draft of the bill. They, as claimants under the will, would be directly and most injuriously affected if the appellants should succeed in reversing the order here appealed from, since, if the facts alleged in the petition for partial distribution should be established, the petitioners (together with their brother and sister) would succeed to the entire estate. The rights of the devisees could not be protected if any modification or reversal of the order should be made. And such devisees, having appeared in the lower court to resist the application for partial distribution, are parties who appear by the record to be adverse. Indeed, the devisees are the only parties to the record having a substantial interest in opposing the distribution sought. The executors, while authorized to resist an application for partial distribution (Code Civ. Proc., sec. 1660; *Estate of Kelley*, 63 Cal. 106), have no interest in having the property go to one rather than another of the contending claimants of the estate.

If, then, the devisees who appeared and resisted the petitions in the superior court were adverse parties who were entitled to service of a draft of the bill of exceptions, what is the effect of failure to so serve them? A failure to serve some of the necessary parties does not require or authorize the trial court to refuse to settle the bill at all (*Gutierrez* v. *Hubbard*, 106 Cal. 167, [39 Pac. 529]), nor does it affect the jurisdiction of the appellate court to entertain the appeal. (*Barnhart* v. *Fulkerth*, 92 Cal. 155, [28 Pac. 221] ; *In re Ryer*, 110 Cal. 556, [42 Pac. 1082] ; *In re Bullard*, 114 Cal. 462,

[46 Pac. 297]; *Herriman* v. *Menzies,* 115 Cal. 16, 25, [56 Am. St. Rep. 81, 44 Pac. 660, 46 Pac. 730]; *Estate of Scott,* 124 Cal. 671, [57 Pac. 654]; *Sutter County* v. *Tisdale,* 128 Cal. 180.) But, while an appeal duly perfected will not be dismissed for such failure, a want of service on an adverse party of a notice of intention to move for a new trial is a good ground for affirming an order denying the motion (*In re Ryer,* 110 Cal. 556, [42 Pac. 1082]; *McMahon* v. *Thomas,* 114 Cal. 588, [46 Pac. 732]; *In re Bullard,* 114 Cal. 462, [46 Pac. 297]; *Johnson* v. *Phœnix Ins. Co.,* 146 Cal. 571, [80 Pac. 719]), and the same effect must follow a failure to serve a draft of a bill of exceptions on an adverse party, if the points made for reversal appear only in the bill. (See *Gutierrez* v. *Hubbard,* 106 Cal. 167, [39 Pac. 529]; *Howell* v. *Howell,* 101 Cal. 115, [35 Pac. 443]; *Randall* v. *Duff,* 105 Cal. 271, [38 Pac. 739].) The devisees who appeared in the lower court were entitled to be heard in opposition to the petitions; they are equally entitled to be heard on the appeal; they cannot be bound by a record in the making of which they have not had the opportunity to participate which the statute gives them; a reversal or modification cannot be ordered as to any party without affecting their rights. It follows that the bill of exceptions cannot be considered for any purpose on this appeal.

But it is contended by the appellants that no bill of exceptions was necessary, and that without it the record contains all that is necessary for a review of the order complained of. In fact, the entire transcript is made up of the bill of exceptions, followed by a notice of appeal, and a stipulation (subject, as to the devisees, to all objections and exceptions) that the "foregoing is a full, true and correct transcript on appeal," and that an undertaking has been filed. If this be regarded as a sufficient authentication of such papers contained in the bill as would constitute what may be called the judgment-roll, we find as to each petitioner a petition for partial distribution, based on the theory that such petitioner was a child of the decedent, who had unintentionally omitted in his will to provide for her; two demurrers to the petition; two motions to strike the petition from the files on the ground, among others, that theretofore a similar proceeding on behalf

of the petitioner had terminated in a final judgment denying the relief sought, and adjudging that the omission by the testator to provide for the petitioner was intentional, and that she was not entitled to any share of the estate; and an order, which, after finding in support of such allegation as to a prior judgment, denies and dismisses the petition for partial distribution. This shows no error. Assuming the finding of the lower court to have been sustained by the evidence (as, in the absence of a bill of exceptions, we must) the prior adjudication against the rights of the petitioners concluded them on this hearing. In this discussion we treat the motion to strike from the files as substantially an answer. It raised issues of fact, on which evidence was taken, and findings made. If, however, such motion is not to be treated as an answer, the petitioners are not helped. In that view, there is nothing in the record to be considered except the petitions, the demurrers and the order dismissing and denying the petitions, and on the face of these papers no error appears. The facts recited and found in the order fully justify the conclusion reached.

The foregoing views necessitate the affirmance of the order appealed from without a determination of the points made by the appellant. It is, perhaps, unfortunate that the appeal cannot be decided on the merits of the questions litigated in the lower court, but this result cannot be avoided without depriving the respondent devisees of clear and substantial rights.

The order is affirmed.

Angellotti, J., and Shaw, J., concurred.