[Civ. No. 1466. First Appellate District.—March 31, 1914.]

GEORGE C. TURNER et al., Respondents, v. F. W. TEN WINKEL COMPANY (a Copartnership) et al., Appellants.

APPEAL—ORDER REFUSING NEW TRIAL—RIGHT TO DETERMINATION OF CASE—EFFECT OF IRREGULARITY IN PROCEDURE TO OBTAIN NEW TRIAL.—An appeal is given as a matter of right from an order granting or denying a motion for a new trial; and, when properly taken and perfected, the appellate court has jurisdiction to and must hear and determine the same upon its merits, notwithstanding an alleged irregularity or defect in the procedure prescribed as a preliminary to the presentation of a motion for a new trial.

ID.—NOTICE OF NEW TRIAL—FAILURE TO GIVE AS GROUND FOR DISMISSAL OF APPEAL.—The failure to give notice of intention to move for a new trial is not ground for dismissing an appeal from the order denying a new trial, although such failure is sufficient reason for the refusal by the lower court of a new trial, and constitutes ground for affirmance by the appellate court when the appeal is heard on its merits.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Finch & Melsted, for Appellants.

Franklin T. Poore, for Respondents.

LENNON, P. J.—In this action for money had and received the plaintiffs sought and recovered judgment in the sum of $335.25 against the defendants and each of them,—namely, F. W. Ten Winkel Company (a Copartnership) and F. W. Ten Winkel and L. F. Gump. An appeal was taken from the judgment and from an order denying a new trial. Plaintiffs and respondents in due time moved to dismiss both appeals upon various grounds. Subsequently the appeal from the judgment was dismissed pursuant to the stipulation and consent of all of the parties to the action. The motion to dismiss the appeal of the copartnership defendant from the order denying a new trial was made, argued, and submitted for decision in advance of the consideration of the appeal upon its merits. That motion was based upon the ground that said defendant did not at any time make, file, or serve any notice of intention to move for a new trial of the action, or join with its codefendants in making such motion.

The motion to dismiss, based as it is entirely upon the ground stated, cannot be entertained. An appeal is given as a matter of right from an order granting or denying a motion for a new trial; and, when properly taken and perfected, this court has jurisdiction to and must hear and determine the same upon its merits, notwithstanding an alleged irregularity or defect in the procedure, prescribed as a preliminary to the presentation of a motion for a new trial. (*Fish* v. *Benson,* 71 Cal. 428, [12 Pac. 454]; *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, [41 Pac. 813]; *Bell* v. *Staacke,* 137 Cal. 307, [70 Pac. 171].) Accordingly it is the rule that a failure to give notice of intention to move for a new trial is not a recognized ground for dismissing an appeal from an order denying a new trial. (*In re Ryer,* 110 Cal. 556, [42 Pac. 1082];

*Estate of Scott,* 124 Cal. 671, [57 Pac. 654]; *Baker* v. *Clark,* 128 Cal. 181, [60 Pac. 677]; 2 Hayne on New Trial, p. 1511.)

Such a failure may constitute a sufficient reason for the refusal of the lower court to grant a new trial; and may, therefore, when we come to a consideration of the appeal upon its merits, be considered a good ground for affirming the order appealed from. (*In re Ryer,* 110 Cal. 556, [42 Pac. 1082]; *Niles* v. *Gonzalez,* 155 Cal. 359, [100 Pac. 1080].)

The motion to dismiss the appeal from the order denying a new trial is denied.

Richards, J., and Kerrigan, J., concurred.