[Civ. No. 1586.   Second Appellate District.—September 1, 1914.]

## GRANT LINCOLN; Respondent, v. D. W. SIBECK, Appellant.

New Trial—Settlement of Statement by Judge Who Did not Try Case—Dismissal of Appeal.—An appeal from an order refusing a new trial will not be dismissed because the statement on the motion for the new trial was not signed by the judge before whom the cause was tried, notwithstanding he was not shown to have been without the state, or otherwise conditioned as is specified in the cases mentioned in section 653 of the Code of Civil Procedure.

Id.—Irregularity in Settling Statement—Consideration on Motion to Dismiss Appeal.—The matter of the irregularity of proceedings occurring prior to the making of an order refusing a new trial, cannot be considered on a motion to dismiss the appeal from such order, although the same may constitute sufficient cause for affirming or reversing the order.

MOTION to dismiss appeals from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.   L. T. Price, Judge presiding.

The facts are stated in the opinion of the court.

James R. Choate, E. O. Leake, and Edgar F. Hughes, for Appellant.

Robert T. Linney, and Ralph W. Schoonover, for Respondent.

THE COURT.—Motion to dismiss appeals from a judgment and from an order denying a motion for a new trial.   The grounds of motion are: That the appeals were not taken within the time limited by law; that the statement on motion for a new trial was not settled and allowed as required by law.   The motion, in so far as it concerns the appeal taken from the judgment, is not pressed, and it appears that this appeal was regularly taken.   The chief complaint as to the statement on motion for a new trial not having been regularly settled, rests upon the fact that the superior judge of Alpine County, who heard the cause at the trial, did not settle the statement, notwithstanding that he was not shown to have been without the state, or otherwise conditioned as is specified in the cases men-

tioned in section 653 of the Code of Civil Procedure. It is not contended as a ground for dismissal that the judge who passed upon the motion for a new trial was without jurisdiction so to do. It has been held that the matter of the irregularity of proceedings occurring prior to the making of an order such as that here appealed from cannot be considered on a motion to dismiss, although the same may constitute sufficient cause for affirming or reversing the order. (*In re Ryer*, 110 Cal. 559, [42 Pac. 1082]; *Fish* v. *Benson*, 71 Cal. 428, [12 Pac. 454].) Upon the authority of these decisions the motion to dismiss the appeal from the order denying the motion for a new trial is denied. For the reason first stated the motion as directed to the appeal from the judgment should also be denied, and it is so ordered.