[Civ. No. 4989. Second Appellate District, Division One.—April 2, 1925.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. DAN MORRIS et al., Defendants; ANNIE F. YOUNG, Appellant.

[1] APPEAL—JUDGMENT—ORDER DENYING NEW TRIAL—NOTICE OF INTENTION—SERVICE—DISMISSAL OF APPEAL.—Where an appeal is from a judgment and an order denying a new trial (assuming that an appeal lies from such an order), the fact that it appears "affirmatively from the record herein that the notice of intention to move for a new trial was directed to and served upon this plaintiff-respondent alone and not upon any of the defendants, parties in interest herein, as required by section 659 of the Code of Civil Procedure," does not furnish any reason for dismissing the appeal from the judgment.

1. See 2 Cal. Jur. 754.

[2] Id.—Failure to Give Notice of Intention—Dismissal.—A failure to give notice of intention to move for a new trial is not a recognized ground for dismissing an appeal from an order denying the motion; although such failure might constitute a sufficient reason for affirming the order, when the court comes to a consideration of the appeal upon its merits.

---

(1) 20 **C. J.**, p. 1111, n. 34.   (2) 20 **C. J.**, p. 1121, n. 33 New.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. Perry Wood, Judge. Motion denied.

The facts are stated in the opinion of the court.

W. W. Hyams and Meserve & Meserve for Appellant.

Jess E. Stephens, City Attorney, Donald M. Keith, Deputy City Attorney, and John A. Rush for Respondent.

CONREY, P. J.—In this action the defendant, Annie F. Young, has appealed from an interlocutory decree of condemnation for street purposes of certain land owned by her. According to her notice of appeal she also has appealed or attempted to appeal from an order denying her motion for a new trial.

The condemnation was sought to be obtained pursuant to the Street Opening Act of 1903. (Deering's Gen. Laws, 1923 ed., Act 8198.) According to section 963 of the Code of Civil Procedure, as amended in the year 1915 (as well as under the amendments of 1917 and 1923), there is no right of appeal from an order denying a motion for a new trial. But as provided by section 956 of the Code of Civil Procedure, the court on appeal from the judgment may review any order on motion for a new trial. But it is provided by section 13 of the Street Opening Act of 1903 (Stats. 1903, p. 376), that in an action brought under that act, an appeal may be taken from any order granting or denying a new trial. Section 6 of the same act provides that "said action shall in all respects be subject to and governed by such provisions of the Code of Civil Procedure now existing or that may be hereafter adopted, as may be

applicable thereto, except in the particulars otherwise provided for in this act." Counsel for appellant say that in this case they gave notice of appeal from the order denying the motion for a new trial, because they were not certain whether the enactment of section 963 of the Code of Civil Procedure, as amended, impliedly repealed the provisions of said section 13 of the Street Opening Act. For the purposes of decision of the present motion we shall assume (but without actually deciding the question) that the provisions of said section 13 remain in force, and that therefore appellant was entitled to appeal from the order denying her motion for a new trial, as well as to appeal from the judgment. Respondent has not elected to base its motion upon the ground that there is no right of appeal from the order denying a new trial, and we deem it unnecessary to give the point extended consideration at this time.

[1] The notice of motion to dismiss and the motion as made request the court "to dismiss the appeal." In the motion itself respondent further asks that the court affirm the judgment. The sole ground of the motion is stated as follows: "That it appears affirmatively from the record herein that the notice of intention to move for a new trial was directed to and served upon this plaintiff-respondent alone and not upon any of the defendants, parties in interest herein, as required by section 659 of the Code of Civil Procedure." Assuming the facts to be as stated in the motion, they do not furnish any reason for dismissing the appeal from the judgment. [2] It also seems clear that the same facts, even if supported by the record, do not constitute a sufficient ground for dismissal of the appeal from the order denying the motion for a new trial, assuming that such an appeal lies in any case. It is the rule that a failure to give notice of intention to move for a new trial is not a recognized ground for dismissing an appeal from an order denying the motion; although such failure might constitute a sufficient reason for affirming the order, when we come to a consideration of the appeal upon its merits. (*Turner* v. *Ten Winkel Co.*, 24 Cal. App. 213 [140 Pac. 1086]; *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571 [80 Pac. 719].)

The motion is denied.

Curtis, J., concurred.