[S. F. No. 1843.    Department One. — March 18, 1901.]

HENRY MOHR, Respondent, v. KATE C. BYRNE et al., Defendants. FLORENCE BLYTHE HINCKLEY, Respondent. H. I. KOWALSKY, Intervener, Appellant.

APPEAL — DISMISSAL — SERVICE OF NOTICE — "ADVERSE PARTY" — RECORD. — An "adverse party" upon whom the notice of appeal must be served is one whose interest in the subject-matter of the appeal, as shown by the record, will be affected by the reversal or modification of the judgment or order appealed from; and where the record fails to show that the interest of a defendant not served with the notice of appeal is adverse to that of a defendant served therewith, or to that of an intervener appellant, the appeal will not be dismissed upon motion of the defendant served.

ID. — ACTION UPON NOTES — CONDITIONAL JUDGMENT — INTERVENTION SEEKING INTEREST IN NOTE — APPEAL OF INTERVENER — JURISDICTION. —In an action upon notes, where judgment was entered primarily against one defendant and conditionally against another, between whom there was no adverse interest, upon appeal by an intervener from a judgment that he take nothing, where his complaint in intervention sought to establish an interest in one of the notes sued upon, and sought relief only as against the plaintiff, his failure to serve with notice of appeal the defendant against whom judgment was rendered conditionally does not deprive the court of jurisdic-

tion to hear the appeal, and it will not be dismissed for such failure. The judgment against the intervener can be reversed or modified, as against the plaintiff, without affecting the rights of the defendant not served, or changing the conditional judgment.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. J. Crowley, for H. I. Kowalsky, Intervener, Appellant.

W. A. Kirkwood, and W. C. Shepard, for Plaintiff Respondent.

W. H. H. Hart, and Aylett R. Cotton, for Respondent Florence Blythe Hinckley.

HARRISON, J.—Motion to dismiss the appeal of the intervener for failure to serve all of the adverse parties.

The plaintiff brought this action to recover from the defendant Kate C. Byrne the amount due upon certain promissory notes executed by her, and that the defendant Florence Blythe Hinckley be directed to pay the said judgment out of certain moneys owing by her to said Byrne. Issues were joined upon this complaint by the defendants Hinckley and Byrne, and a complaint in intervention was filed by the appellant, Kowalsky. Judgment was entered in favor of the plaintiff and against the defendant Hinckley for the amount found due on the notes, and in case he should be unable to collect the same from her, that he recover the same from the defendant Byrne, and that the intervener take nothing by the action. From this judgment the intervener appealed. His appeal, so far as it affects the defendant Byrne, was dismissed, December 31, 1900, upon the ground that he had not served her with the notice of his appeal. (*Mohr* v. *Byrne,* 131 Cal. 288.) The defendant Hinckley now moves to dismiss his appeal, upon the ground that the defendant Byrne was an adverse party, and his failure to serve her has taken away the jurisdiction of this court to hear the appeal.

The "adverse party" who is to be served with the notice of appeal is one whose interest in the subject-matter of the appeal will be affected by the reversal or modification of the

judgment or order appealed from. Whether the parties to an action are adverse to each other, is to be determined from the record (*Harper* v. *Hildreth*, 99 Cal. 265), and the record herein fails to show that upon the appeal of the intervener the interest of the defendant Byrne is adverse to that of the defendant Hinckley, or that his appeal cannot be determined without affecting her interest. By his complaint in intervention he seeks to have it determined that, as against the plaintiff, he is entitled to a certain interest in one of the notes set forth in the complaint, and upon that issue the court found against his claim. He does not seek relief against any other party to the action, and his controversy with the plaintiff can be determined without the presence of the defendant Byrne. The judgment against him can be reversed or modified without affecting her rights or changing the judgment against her.

The motion is denied.

Garoutte, J., and Van Dyke, J., concurred.