[S. F. No. 5130.   Department Two.—March 24, 1909.]

## POTRERO NEUVO LAND COMPANY, Appellant, v. ALL PERSONS CLAIMING etc., Respondents.

APPEAL—MCENERNEY ACT—DISMISSAL OF COMPLAINT—SERVICE OF NOTICE OF APPEAL.—Under the method of taking appeals prevailing prior to the act of 1907 (Stats. 1907., p. 753), a plaintiff in an action to establish and quiet title to land under the so-called Mc-Enerney Act, who appeals from a judgment dismissing his complaint as against certain defendants who personally appeared in the action, is not required to serve notice of appeal upon the whole world. A service of the notice on the defendants who personally appeared is sufficient.

ID.—ADVERSE PARTIES—DISMISSAL OF APPEAL.—Such a notice of appeal need be served only on the parties who appear from the record in the proceedings in which the appeal is taken to be adverse. The burden is upon the party moving to dismiss the appeal to show from the record that a party not served was adverse, and where the record does not show affirmatively that a party not served was an adverse party to the action in the lower court, the appeal will not be dismissed.

ID.—DEFAULTING DEFENDANTS WHEN NOT ADVERSE.—Defaulting defendants are not adverse parties to other defendants when there is no joint relation alleged between them, and a judgment against each is several and independent. Under the so-called McEnerney Act, the judgment must be several and independent.

ID.—PRACTICE UNDER MCENERNEY ACT—ALTERNATIVE METHOD OF APPEALS—SERVICE NOT NECESSARY.—The rules of practice relating to appeals under the McEnerney Act are those applicable to other civil actions, and since the establishment of the alternative method of taking appeals by the act of 1907 (Stats. 1907, p. 753), notice of appeal was not required to be served on adverse parties.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, for Appellant.

Page McCutchen & Knight, C. Irving Wright, Thomas, Gerstle, Frick & Beedy, Stoney, Rouleau & Stoney, and F. J. Castlehun, for Respondents.

HENSHAW, J.—Plaintiff brought its action under the provisions of the McEnerney Act to establish and quiet its title to certain lands within the city and county of San Francisco. Theresa Cuneo and Auguste Deprette appeared, pleaded title each respectively to one fifty-vara lot embraced within the lands described in the complaint, and asked for a judgment of dismissal of the complaint as to themselves and the lands in question. The court, for reasons not necessary here to consider, gave judgment "that said complaint be and the same is hereby dismissed as to defendants Theresa Cuneo and Auguste Deprette." From this judgment plaintiff appeals within due time, filing its notice of appeal upon the third day of December, 1908. This motion is made to dismiss the appeal upon the ground that the notice of appeal was served only upon Theresa Cuneo and Auguste Deprette. It is argued that while, in terms, the complaint is dismissed only as to the named defendants, this judgment of dismissal operates in favor of all persons in the world who claim or may claim any interest in the real property as to which the complaint was dismissed; that, therefore, to appeal successfully under such circumstances, the appellant must serve notice of appeal upon the whole world. The answer to this argument is twofold: 1. That it was necessary to serve only the parties who appear from the record in the proceedings in which the appeal was taken to be adverse. (*In re Ryer,* 110 Cal. 556, [42 Pac. 1082].) The burden is upon the party moving to dismiss the appeal to show from the record that a party not served was adverse, and where the record does not show affirmatively that a party not served was an adverse party to the motion in the court below, the appeal will not be dismissed. (*Niles* v. *Gonzalez,* 152 Cal. 90, [92 Pac. 74].) Defaulting defendants are not adverse parties to other defendants when there is no joint relation alleged between them, and a judgment against each is several and independent. (*Kenney* v. *Parks,* 120 Cal. 24, [52 Pac. 40].) That the judgment under the McEnerney Act must be several and independent is beyond any question.

2. The rules of practice relating to appeals under the McEnerney Act are those applicable to other civil actions. (McEnerney Act, sec. 12.) The alternative method of taking appeals provided in the act to add new sections to the Civil Code (Stats. 1907, p. 753), was in force before this appeal

was taken. It requires no service upon adverse parties. (*McPhee's Estate,* 154 Cal. 385, [97 Pac. 878].) The appeal in this case was taken in conformity with this alternative method.

For these reasons the motion to dismiss is denied.

Lorigan, J., and Melvin, J., concurred.