(November 21, 1914.)

## MARY KISSLER, Appellant, v. J. H. MOSS and CONRAD KISSLER, Defendants. J. H. MOSS, Respondent.

[144 Pac. 647.]

APPEAL—MOTION TO DISMISS—DEMURRER—MISJOINDER OF PARTIES DEFENDANT.

1. A party who is named as one of the defendants in a complaint and on whom it does not appear that summons has been served nor that he appeared in the action, on an appeal from a judgment entered in favor of his codefendant, is not an adverse party on whom the notice of appeal must be served, under the provisions of sec. 4808, Rev. Codes.

2. Where an action is brought against M. and K. and it is alleged in the complaint that K. acted as the agent and trustee of the plaintiff in bringing an action and procuring a judgment against M., and the prayer as to K. is that he be declared to be the agent and trustee of the plaintiff in procuring such judgment, and that the plaintiff is the owner thereof, and as to M. that the plaintiff have a judgment against him for the identical debt included in the other judgment in favor of K., and K. demurs to the complaint on the ground that there is a misjoinder of parties defendant and that the complaint does not state a cause of action as to him, *held,* that the court did not err in sustaining said demurrer and entering a judgment of dismissal as to defendant M.

APPEAL from the District Court of the Fifth Judicial District for Power County. Hon. Alfred Budge, Judge.

Action to have defendant K. declared a trustee of the plaintiff and for judgment against defendant Moss for a certain sum of money. Demurrer on the part of M. sustained and judgment of dismissal entered as to him. *Affirmed.*

O. M. Hall, for Appellant.

It is not necessary to show any reason for commencing the second suit, other than that the first judgment has not been paid. (*Ames v. Hoy,* 12 Cal. 11; *Stuart v. Lander,* 16 Cal.

372, 76 Am. Dec. 538; *Rowe v. Blake,* 99 Cal. 167, 37 Am. St. 45, 33 Pac. 864.)

The complaint states a cause of action against defendant Moss and his demurrer should have been overruled on that ground. The demurrer on the ground that there is a misjoinder of parties defendant does not specify, or attempt to specify, wherein misjoinder exists, and for that reason alone it should have been disregarded. (*Irwin v. Wood,* 7 Colo. 477, 4 Pac. 783; *Gardner v. Samuels,* 116 Cal. 84–88, 58 Am. St. 135, 47 Pac. 935; *O'Callaghan v. Bode,* 84 Cal. 489, 24 Pac. 269.)

With regard to the motion to dismiss the appeal, on the ground that adverse party was not served, a judgment in favor of or against defendant Kissler would not bind defendant Moss and a reversal of the judgment appealed from could not affect in any way any judgment that could be entered against or for defendant Kissler, but such judgment would stand regardless of the result on this appeal. (*Randall v. Hunter,* 69 Cal. 80, 10 Pac. 130; *Hinkel v. Donohue,* 88 Cal. 597, 26 Pac. 374; *Foley v. Bullard,* 97 Cal. 516, 32 Pac. 574; *Aulbach v. Dahler,* 4 Ida. 522, 23 Pac. 192; *Boob v. Hall,* 107 Cal. 160, 40 Pac. 117.)

O. R. Baum and W. G. Bissell, for Respondents.

In the complaint wherein suit is brought upon a judgment the plaintiff must allege and afterward prove that she is the owner of the judgment and that the same is unsatisfied.

A complaint in which the plaintiff fails to allege that she is the owner of the judgment is fatally defective, and does not state facts sufficient to constitute a cause of action. (*Ryan v. Spieth,* 18 Mont. 45, 44 Pac. 405.)

SULLIVAN, C. J.—This is an appeal from a judgment entered on sustaining a demurrer to the complaint.

*In limine,* we are met with a motion to dismiss the appeal on the ground that the notice of appeal was not served on the defendant Conrad Kissler. The action was brought against

J. H. Moss and Conrad Kissler for the purpose of having a judgment which had been entered in favor of Conrad Kissler and against said Moss transferred or decreed to belong to the plaintiff.

The demurrer was sustained on two grounds, to wit: (1) That there was a misjoinder of parties defendant; and (2) that the complaint does not state facts sufficient to sustain a cause of action against the defendant Moss.

From the record it does not appear that the defendant Kissler was ever served with summons or appeared in the action. The demurrer was filed by the defendant Moss and the name of the defendant Conrad Kissler is not mentioned in the judgment. It is provided in the judgment as follows: "That the plaintiff recover nothing herein from the defendant Moss and that the said defendant do have and recover from the plaintiff his costs and disbursements herein expended taxed at $——."

The defendant Conrad Kissler not having been served with summons and not appearing in the action, it was not necessary to serve the notice of appeal on him, as the judgment entered in such action could in no manner affect him. A person may be named as a party to the action in the complaint, but if he is neither served nor appears in the action and no judgment is entered either for or against him, he is not an "adverse party" within the meaning of that term as used in sec. 4808, Rev. Codes. That being true, it was not necessary to serve the notice of appeal on him and the motion to dismiss must therefore be denied.

Now as to the merits of the case: The action of the trial court in sustaining the demurrer and entering judgment in favor of Moss is assigned as error. It is alleged, among other things, in the complaint, that the plaintiff is the owner of a well-drilling outfit and engaged in the well-drilling business; that in the operation of said business she employed the defendant Conrad Kissler as her agent and attorney in fact to conduct said business for her; that said Conrad Kissler, as her said agent, entered into a contract with the defendant Moss to drill for him a certain well on land owned by him in

Oneida county, Idaho; that the said Conrad Kissler, under said contract, in performing plaintiff's part of said contract, used the plaintiff's said well-drill and appliances; that the plaintiff supplied all money for carrying out and executing said contract; that Conrad Kissler had no interest in said contract other than as the agent and attorney in fact of the plaintiff; that Moss, having failed to pay the contract price for the drilling of said well, a suit was commenced by the said Conrad Kissler in his own name in the district court of Oneida county to recover the amount due for drilling said well, which action resulted in a judgment in favor of the said Conrad Kissler and against Moss for the sum of $860.00 and $28.75 costs; that said action was prosecuted in the name of Conrad Kissler for the use and benefit of the plaintiff and that he holds said judgment in trust for the use and benefit of the plaintiff; that no part of said judgment has been paid, and plaintiff prays for judgment to the effect that she is the owner of said judgment and the defendant Conrad Kissler has no interest or title therein or thereto, and that she have judgment against Moss for said sum of $860 with interest from November 22, 1911, and costs.

Under the allegations of the complaint the trial court sustained the demurrer on the two grounds above mentioned. It is contended by counsel for the respondent that since the defendant Moss was not in any way interested in the outcome of this suit as to which one owned said judgment, Conrad Kissler or Mary Kissler, and that since the judgment had been obtained against him by the agent of Mary Kissler, and since said judgment had been duly rendered against the defendant Moss for the full amount claimed, the plaintiff had no right to another judgment against him for the same debt.

This contention appears reasonable since under the demurrer of the defendant Moss he admits all of the allegations of the complaint which are well plead, and one of those allegations is that Conrad Kissler, as agent of the plaintiff, the appellant here, obtained a judgment against Moss for the identical service for which the plaintiff is seeking to obtain a judgment in this case. Since the defendant Moss admits that

said judgment was a valid judgment, the only controversy now is between the plaintiff and the defendant Conrad Kissler as to whether he or she is the owner of said judgment, and whether he as her agent now holds the same in trust for her use and benefit. This controversy appears only from the allegations of the complaint, and under those allegations it does not appear that Moss is a necessary party.

It is a little remarkable that the appellant did not require her agent to transfer the judgment he held in trust for her to her, rather than bring this action seeking to get another judgment against Moss.

The trial court did not err in sustaining said demurrer and entering judgment dismissing the case, so far as Moss was concerned.

The defendant Conrad Kissler, since this case was appealed, filed in this court his written waiver of notice of appeal and states in said waiver, among other things, as follows: "that he has no interest in said appeal or the judgment appealed from adverse to appellant or at all." Under that state of facts the cause will be remanded to the trial court with instructions to enter judgment in favor of the appellant to the effect that she is the owner of said judgment against J. H. Moss for the sum of $860, with interest, and costs of suit taxed at $28.75, and that the defendant Conrad Kissler has no interest therein.

Costs of this appeal are awarded to the respondent.

Truitt, J., concurs.