(October 20, 1922.)

E. H. SHERMAN, Respondent, v. S. M. NIXON, Appellant.

[209 Pac. 886.]

APPEAL—SERVICE ON ADVERSE PARTY—MOTION TO DISMISS.

An assignee of a judgment, not shown by the record on appeal to be a party, is not an adverse party within the meaning of C. S., sec. 7153, and has no standing in this court to move for a dismissal of the appeal.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. Jas. G. Gwinn, Judge.

Motion to dismiss appeal. *Denied.*

F. L. Soule and Jones, Pomeroy & Jones, for Appellant.

Record only can be examined for purpose of ascertaining who are adverse parties to be served with notice of appeal. (*In re Bullard,* 114 Cal. 462, 46 Pac. 297; *Kenney v. Parks,* 120 Cal. 22, 52 Pac. 40.)

Whether parties are actually adverse must finally be determined by the state of the pleadings and from the record on appeal. (3 C. J. 1220.)

It cannot be shown · by affidavits outside the record. (*Kenney v. Parks, supra.*)

"If it is necessary to resort to evidence extrinsic to the record upon the appeal, in order to show that the reversal will have such effect, the appeal will not be dismissed." (*In re Ryer's Estate,* 110 Cal. 556, 42 Pac. 1082.)

Miller & Ricks, for Respondent, cite no authorities.

DUNN, J.—In this case, on the 15th day of June, 1921, in the district court of Fremont county, judgment was entered in favor of respondent and against appellant for the sum of $2,736.30, which judgment was immediately assigned to B. H. Miller. On the 12th day of September, 1921, appellant served and filed his notice of appeal.

The assignee, B. H. Miller, now moves to dismiss said appeal on the ground "That the notice of appeal itself discloses that E. H. Sherman, respondent, is the only person served with such notice of appeal; that all adverse parties on this proceeding have not been served with notice of appeal, to wit, B. H. Miller, and that said B. H. Miller is the real party in interest, and the real adverse party in this proceeding. That the appellant had notice that B. H. Miller is the real party in interest and the real adverse party on this appeal."

The motion to dismiss is based upon the affidavit of B. H. Miller and the files and records in this case, but it nowhere appears in the record on appeal that Miller is an adverse party as contemplated by C. S., sec. 7153.

In the case of *The Diamond Bank v. Lu Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042, this court said: " 'Adverse party' as used in this section (R. C., sec. 4808 now C. S., sec. 7153) of the statute means every party who has an interest in conflict with the reversal of the judgment or whose rights might be adversely or injuriously affected

by a reversal of such judgment, irrespective of whether such party be plaintiff, defendant or intervenor." (See, also, *Holt v. Empey,* 32 Ida. 106, 178 Pac. 703.)

The "adverse party" referred to by the statute means one who is shown by the record on appeal to be such adverse party. It is necessary to serve only the parties, who, from the record of the proceedings in which the appeal is taken, appear to be adverse. (*Potrero Nuevo Land Co. v. All Persons Claiming, etc.,* 155 Cal. 371, 101 Pac. 12; *Mohr v. Byrne,* 132 Cal. 250, 64 Pac. 257; *In re Bullard's Estate,* 114 Cal. 462, 46 Pac. 297; 3 C. J. 1220; 2 R. C. L., p. 111, sec. 86; 13 Ann. Cas. 182, note; Hayne's New Trial and Appeal, sec. 210.) It cannot be shown by affidavits outside of this record. (*Kenney v. Parks,* 120 Cal. 22, 52 Pac. 40; *In re Ryer's Estate,* 110 Cal. 556, 42 Pac. 1082; Hayne's New Trial and Appeal, sec. 210.)

The record on appeal not showing B. H. Miller to be an adverse party, his motion to dismiss the appeal must be denied. It is so ordered, with costs to appellant.

Rice, C. J., and McCarthy and Lee, JJ., concur.