EUGENIO PADILLA RÍOS, demandante y apelado, *v.* LA CORTE DE PAZ DE MARICAO, FRANCISCO MIRÓ, Juez Interino, la HON. JUNTA INSULAR DE ELECCIONES y E. W. KEITH, Superintendente General de Elecciones de Puerto Rico, demandados y apelante el primero.

No. 3618.—*Visto:* Abril 20, 1925. *Resuelto:* Julio 24, 1925.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— ESCRITO DE APELACIÓN—PERSONA QUIEN NO ES NECESARIO NOTIFICAR.— No es necesario notificar un escrito de apelación a una persona que nunca llegó a ser parte en el pleito de cuya sentencia se apela.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—APELACIÓN ACADÉMICA.—Una apelación no es académica cuando, para revocar la sentencia que condena al apelante en costas, puede ser necesario un examen de las cuestiones envueltas en dicha apelación.

3. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD— AUTENTICACIÓN Y CERTIFICACIÓN—CERTIFICACIÓN SUFICIENTE.—Certificado el legajo de la sentencia por los abogados del apelado en unión de un fiscal y otro abogado como abogados éstos del apelante, no procede desestimar la apelación aún cuando el fiscal no tuviera derecho a intervenir.

MOCIÓN de desestimación de apelación. *Sin lugar.*

*José E. Figueras,* Fiscal del Supremo, *Marcelino Romaní,* Fiscal del Distrito de Mayagüez, y *Angel A. Vázquez,* abogados del apelante; *Benet & Souffront,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelado en la corte de distrito obtuvo sentencia a su

favor y en contra del Juez de Paz de Maricao, Francisco Miró. Este último apeló y el apelado solicita ahora que se desestime esta apelación.

[1] Anteriormente en el Juzgado de Paz de Maricao Tomás Quintana había logrado en apelación impugnar el derecho del apelado Padilla a ser un elector. El apelado expresa que Quintana era una parte necesaria y que esta apelación debe ser desestimada toda vez que no fué notificado de ella el expresado Quintana. Hemos examinado los autos y no encontramos que el peticionario en el procedimiento de *certiorari,* apelado en este tribunal, hiciera parte en el mismo al referido Quintana. El procedimiento de *certiorari* fué oído y resuelto sin él y no vemos ninguna posibilidad de notificarle puesto que nunca llegó a ser parte.

[2] La Corte de Distrito de Mayagüez al dictar sentencia contra Miró, Juez de Paz de Maricao, lo condenó en costas. De ahí que si la sentencia en el *certiorari* fué errónea el demandado y apelante tiene un interés suficiente para apelar. Para revocar la sentencia y permitir al apelante si obtiene éxito que se le exima del pago de costas puede ser necesario un examen de todas y cada una de las cuestiones envueltas, de modo que la apelación no es meramente académica como sostiene el apelado.

[3] El fiscal de Mayagüez, M. Romany, y Angel A. Vázquez, abogados del demandado y apelante certifican el legajo de sentencia en unión de la firma de Benet y Souffront, abogados del demandante y apelado. Este último niega el derecho del fiscal para poder certificar. El fiscal puede asumirse, tenía instrucciones de defender al Juez de Paz, pero como también certifica otro abogado, el legajo de sentencia está debidamente ante nos y la apelación no está sujeta a desestimación aun cuando el fiscal no tuviera derecho a intervenir.

*La moción de desestimación debe ser declarada sin lugar.*