### GORDON v. UNITED STATES.

District Court, D. Idaho, S. D.    October 5, 1929.

No. 1463.

Hawley & Hawley and Oscar W. Worthwine, all of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Regional Attorney, U. S. Veterans' Bureau, both of Boise, Idaho, for the United States.

CAVANAH, District Judge. The only question presented by defendant's demurrer and motion to join the administrator of the estate of Charles P. Gordon, deceased, as a party plaintiff, is that there is a misjoinder of parties plaintiff, as the administrator of the estate of Charles P. Gordon, the beneficiary of the insurance, is not joined as a party. The complaint sets forth that the plaintiff, Virginia D. Gordon, is the surviving widow and administratrix of William G. Gordon, deceased, the insured; that William C. Gordon enlisted in the United States Army on June 26, 1916, and was discharged June 24, 1919; that while in the Army he took out $10,000 war risk insurance, and while it was

in force and from the time of his discharge he was totally and permanently disabled.

Under section 500 of the World War Veterans' Act of 1924, whatever insurance accrued to the insured, William G. Gordon, and not paid to him, or due between the date of his discharge in June, 1919, and the date of his death in 1929, became payable to and is part of the assets of his estate. 38 USCA § 511. And such payments are payable to the administrator of the estate, Hegg v. United States (D. C.) 21 F.(2d) 622, who can maintain an action to recover the same upon the policy without being required to make as a party plaintiff the administrator of the estate of the beneficiary, Charles P. Gordon, although the beneficiary survived the insured and died before receiving all of the monthly payments. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530; Helmholz v. Horst (C. C. A.) 294 F. 417; Cassarello v. United States (C. C. A.) 279 F. 396; Salzer v. United States (D. C.) 300 F. 764. It seems also that under the act where both the insured and beneficiary are dead, as appears in this case, the remaining payments accruing after the death of the beneficiary are collectible by the administrator of the insured. Reivich v. United States (C. C. A.) (6 C. C. A.) 25 F.(2d) 670. And likewise the administrator of the estate of the beneficiary would have the right to collect whatever sums accrued between the death of the insured and his beneficiary, provided the beneficiary survived the insured. 38 USCA § 514.

This same construction was given to the statute in the case of In re Schaeffer's Estate, 130 Misc. Rep. 436, 224 N. Y. S. 305, 306, where the court said:

"The balance remaining unpaid after the death of the designated beneficiary on the policy of war risk insurance on the life of this decedent was payable to his estate. This is clearly set forth in the language of the World War Veterans' Act (43 Stat. 1302, 1310, c. 553, § 303, March 4, 1925 [38 USCA § 514; U. S. Comp. St. § 9127½–303]), under which payment was made to the estate of this decedent. The statute has been judicially confirmed by Surrogate Foley of New York county in his opinion in the Estate of William T. Ryan, 129 Misc. Rep. 248, 222 N. Y. S. 253. The Supreme Court of Wisconsin has held the same in the Matter of the Estate of John Singer, Deceased, decided April 5, 1927 [192 Wis. 524], 213 N. W. 479."

The administratrix of the estate of the insured then having the right to collect on behalf of the estate all payments accruing before his death, and after the death of the beneficiary, it would seem that he can maintain this action without being required to join with her as a party plaintiff the administrator of the estate of the beneficiary, for she can seek a recovery of the payments referred to under the policy without the presence of the beneficiary's legal representative, but whatever payments accrued between the death of the insured and the death of the beneficiary the plaintiff cannot recover. The World War Veterans' Act (section 19) provides that all persons having or claiming to have an interest in the insurance may be made parties to a suit for the recovery of the same, but it does not require as a condition precedent to the bringing of an action, such as the present case, that they must be made parties plaintiff. 38 USCA § 445.

The principle that where several persons are each entitled to a proportionate share of a fund, one of them may sue alone to recover his share, is applicable here. 47 C. J. 60; Price v. Grice, 10 Idaho, 443, 79 P. 387; Kissler v. Moss, 26 Idaho, 516, 144 P. 647.

Accordingly, the demurrer will be overruled, and the motion will be denied.