JULIA LIBERATA SALAS ETC., Plaintiff and Appellant, *v.* JOHN DOE ET AL., ETC., Defendants and Appellees. JULIO DOMINGO SILVA TORRÉNS, Intervener.

No. 11100. Argued November 5, 1953.—Decided December 11, 1953.

*Félix Ochoteco, Jr., Manuel Torres Reyes* and *Ernesto Juan Fonfrías,* for appellant. *José Sabater,* Judicial Administrator, Attorney *pro se* and representative for the heirs of the deceased. *Enrique Báez García* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Julia Liberata Salas, known as Nelly Salas, filed on December 21, 1949, in the former District Court of Mayagüez, a petition for filiation against John Doe and Richard Roe, heirs of Domingo Torréns Díaz. On March 24 of the following year, the People of Puerto Rico appeared by motion alleging "that since the alleged natural father of Domingo Torréns Díaz, plaintiff herein, had died leaving no known relatives with the right to inherit his property, such property belonged to the People of Puerto Rico under the provisions of § § 912 and 913 of the Civil Code of Puerto Rico, and to that end the People of Puerto Rico filed in this Court, under No. R–7589, a petition for declaration of heirship," wherefore it considered itself summoned and appeared in the action as defendant and included a motion seeking the dismissal of the complaint. The motion to dismiss having been decided adversely to the People, the case was tried and judgment rendered dismissing the complaint. Plaintiff appealed. Notice of his appeal was served on the People of Puerto Rico, on the Judicial Administrator of the estate of the deceased, who also appeared in the case, and on the Secretary of the Court.

Julio Domingo Silva Torréns, in his capacity as intervener, now moves for dismissal of the appeal on the following grounds: (1) Domingo Torréns Díaz died leaving no known heirs; (2) Julia Liberata Salas, whose real name is Nelly Ramírez Salas, filed a petition for filiation against John Doe and Richard Roe, as heirs of Domingo Torréns Díaz; (3) the said unknown heirs were summoned by edicts; (4) John Doe and Richard Roe were made parties thereto as defendants, because plaintiff believed they were defendant's representatives; (5) the Mayagüez Section of the Superior Court of Puerto Rico rendered judgment on July 1, 1953, dismissing the complaint; (6) notice of said judgment was served on plaintiff through her attorney the same day it was rendered; (7) the following day plaintiff filed an appeal and notified the People of Puerto Rico, the Judicial Administrator and the Secretary of the Court; (8) plaintiff did not notify her appeal to John Doe and Richard Roe, who are the legitimate, necessary and indispensable parties, because they are the names under which the unknown heirs of Domingo Torréns Díaz were sued, among which is intervener Julio Domingo Silva Torréns, who on the date of filing of the appeal had been recognized as heir of Domingo Torréns Díaz by the Mayagüez Section of the Superior Court of Puerto Rico; (9) the status of heir of the intervener was recognized by this Supreme Court by judgment of July 21, 1953; (10) the notice of the appeal served on John Doe and Richard Roe is a jurisdictional question, inasmuch as the Judicial Administrator is not the representative of the person of the predecessor in interest but of the person in charge of the administration of the estate, and inasmuch as the People of Puerto Rico is not an unknown but a substitute heir of the deceased, whose right arises once the nonexistence of heirs within the sixth degree of blood relationship is established; (11) notice to the Judicial Administrator is not to be deemed notice to the unknown heirs, since the unknown heir of Domingo Torréns Díaz was

the intervener and it was precisely the Judicial Administrator who opposed intervener's claim; and (12) under the law, notice of the appeal must be given to all persons who may be affected by the decision.

In accordance with § 912 of the Civil Code, 1930 ed., "In default of persons who have the right to inherit in accordance with the preceding articles, the People of Puerto Rico shall take the inheritance and devote the property to the benefit of the 'University Fund,'" and according to § 913 of the same Code "In order that the People of Puerto Rico may obtain possession of escheated inheritances, it must be declared entitled by escheat and the property must be adjudicated to it in default of lawful heirs by means of a judicial proceeding."

█ In appearing in the manner above indicated, the People of Puerto Rico clearly alleged in its motion that Domingo Torréns Díaz, plaintiff's presumptive natural father, had died "leaving no known relatives with the right to inherit his property," and that such property belongs to the People, which has filed to that end the corresponding petition for declaration of heirship. Although the record of this case does not disclose whether or not an order was issued declaring that the People of Puerto Rico had the right to inherit the property of the late Torréns Díaz, it appears, that its motion to dismiss the complaint was denied and that in the course of the trial of the case on the merits the attorneys for the People argued extensively in opposition to plaintiff's contentions. If the unknown heirs had put in an appearance, the People of Puerto Rico would not have had the right to appear, nor could it have appeared, in the action for filiation. The failure of such heirs to appear and the appearance of the People made it possible for the People to be considered the deceased's sole heir under the law. Under these circumstances, it was unnecessary for plaintiff to notify the appeal from the adverse judgment to John Doe and Richard Roe, in their capacity as unknown heirs of her presumptive.

500

father. The People of Puerto Rico being the entity appearing in its capacity as deceased's heir, service of the notice of appeal on the latter was sufficient. Appellant complied strictly therewith.

In accordance with § 296 of the Code of Civil Procedure "An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney."

Although for the purposes of that Section an adverse party is a party who will be affected by the reversal or modification of the judgment or order from which the appeal has been taken—2 Cal. Jur. 334, § 120—it is not necessary to give notice of appeal to a person who never appeared as party to the suit, notwithstanding the fact that that person could have been affected by the reversal or modification of the judgment or order appealed from. *Padilla* v. *Miró et al.*, 34 P.R.R. 575; *Potrero New Land* v. *All Persons Claiming*, *Etc.*, 155 Cal. 371, 101 Pac. 12; 3 Am. Jur. 163, § 465; 88 A.L.R. 431. Only the record can be examined for the purpose of determining who are such adverse parties. 2 Cal. Jur. 335; *Potrero New Land* v. *All Persons Claiming, Etc.*, *supra*. The record to be considered, for the purpose of deciding whether notice of appeal should have been served upon a particular party, is the record of the proceedings in which the appeal is taken and none other. *In re Ryer's Estate*, 110 Cal. 556, 42 Pac. 1082. The fact that the judgment or order may be used as evidence in some collateral action or proceeding, or that its reversal may be prejudicial to one who is not a party thereto, does not entitle such person to service of appeal. *In re Ryer's Estate, supra; In re Bullard's Estate*, 114 Cal. 462, 46 Pac. 297; *Mohr* v. *Byrne*, 132 Cal. 250, 64 Pac. 257.

There is no doubt that in the instant case intervener Julio Díaz Silva Torréns was not a party in the lower

court, either before or after judgment was rendered. Nor was he a party to the action when plaintiff filed her appeal. Although he is now the intervener, he appears as such by virtue of an order issued by this Court with plaintiff's acquiescence.[1] However, since Julio Díaz Torréns was not, strictly speaking, a party to the action in the lower court, it was unnecessary to give him notice of appeal. The fact that the Mayagüez Section of the Superior Court of Puerto Rico, prior to the judgment herein, rendered judgment for plaintiff in the other suit for filiation to which the intervener was a party, and the fact that the judgment was affirmed by this Court [2] before expiration of the term to appeal in the instant proceeding, and as a result of that affirmance there arose hereditary rights, or rights of another nature, in favor of the intervener, does not change the situation. The fact remains that he was not a party to this action in the trial court. Therefore, he was not entitled to require service of notice of appeal.

The motion to dismiss is denied.

---

[1] Rule 21 of the Rules of Civil Procedure provides in its pertinent part as follows:

". . . Any party may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . ."

[2] See *Silva* v. *John Doe, ante,* p. 198.