JULIA LIBERATA SALAS, conocida por NELLY SALAS, demandante y apelante, *v.* JOHN DOE y RICHARD ROE, como herederos de DOMINGO TORRÉNS DÍAZ, demandados y apelados; JULIO DOMINGO SILVA TORRÉNS, interventor.

Número 11100.

*Sometido:* 5 de noviembre de 1953.  *Resuelto:* 11 de diciembre de 1953.

*Félix Ochoteco Jr., Manuel Torres Reyes* y *Ernesto Juan Fonfrías,* abogados de la apelante; *José Sabater,* Administrador Judicial y abogado *pro se* y representante de la herencia del finado; *Enrique Báez García,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante la antigua Corte de Distrito de Mayagüez, Julia Liberata Salas, conocida por Nelly Salas, instó en 21 de diciembre de 1949, demanda de filiación contra John Doe y Richard Roe, como herederos de Domingo Torréns Díaz. En 24 de marzo del siguiente año, compareció El Pueblo de Puerto Rico con un escrito en que adujo "que habiendo fallecido el alegado padre natural de la demandante, don Domingo Torréns Díaz, sin dejar parientes conocidos con derecho a heredar sus bienes, éstos le corresponden a El Pueblo de Puerto Rico a tenor de las disposiciones de los artículos 912 y 913 del Código Civil de Puerto Rico, y a tal fin el Pueblo de Puerto Rico tiene radicada en esta Corte, bajo el número R–7589 una solicitud sobre declaratoria de herederos," y que en vista de ello se daba por emplazado de la demanda, formulaba su comparecencia en autos como demandado y acompañaba una moción solicitando se desestimara la demanda. Resuelta adversamente a El Pueblo la moción para desestimar, fué el pleito a juicio y se dictó sentencia declarando sin lugar la demanda. La demandante apeló. Su escrito de apelación fué notificado a El Pueblo de Puerto Rico, al Administrador Judicial de los bienes del finado, quien también se había personado en autos, y al Secretario del Tribunal.

Julio Domingo Silva Torréns, en su carácter de interventor, solicita ahora la desestimación del recurso por los

siguientes motivos: (1) Domingo Torréns Díaz falleció sin dejar herederos conocidos; (2) Julia Liberata Salas, cuyo verdadero nombre es Nelly Ramírez Salas, radicó demanda de filiación contra John Doe y Richard Roe, como herederos de Domingo Torréns Díaz; (3) dichos herederos desconocidos fueron emplazados por edictos; (4) John Doe y Richard Roe fueron incluídos como demandados porque la demandante entendió que eran ellos los representantes de la parte demandada; (5) en 1ro. de julio de 1953 la Sala de Mayagüez del Tribunal Superior de Puerto Rico dictó sentencia declarando la demanda sin lugar; (6) dicha sentencia fué notificada a la parte demandante por su abogado, el mismo día que se dictó; (7) al siguiente la demandante preparó un escrito de apelación y lo dirigió a El Pueblo de Puerto Rico, al Administrador Judicial y al Secretario del Tribunal; (8) la demandante no notificó su escrito de apelación a John Doe y Richard Roe, que son partes legítimas, necesarias e indispensables porque es el nombre con que fueron demandados los herederos desconocidos de Domingo Torréns Díaz, entre los cuales figura el interventor Julio Domingo Silva Torréns, quien para la fecha en que se radicó el escrito de apelación había sido reconocido como heredero de Domingo Torréns Díaz por la Sala de Mayagüez del Tribunal Superior de Puerto Rico; (9) la condición de heredero del interventor fué declarada por este Tribunal Supremo por sentencia dictada el 21 de julio de 1953; (10) la notificación del escrito de apelación a John Doe y Richard Roe es una cuestión jurisdiccional, toda vez que el Administrador Judicial no es el representante de la personalidad del causante y sí la persona encargada de la administración de los bienes y toda vez que el Pueblo de Puerto Rico no es heredero desconocido del finado y sí un heredero sustituto, cuyo derecho surge una vez que se justifique la no existencia de herederos dentro del sexto grado de consanguinidad; (11) no puede entenderse que con notificar al Administrador Judicial se estuviera notificando a los herederos desconocidos, porque el heredero desconocido de Do-

mingo Torréns Díaz lo era el interventor y fué precisamente el Administrador Judicial quien se oponía a la reclamación del interventor, y (12) de acuerdo con la ley, debe notificarse del escrito de apelación a todas las personas que puedan resultar afectadas por la decisión.

■ De acuerdo con el artículo 912 del Código Civil, edición de 1930 "A falta de personas que tengan derecho de heredar, conforme a lo dispuesto en las precedentes secciones, heredará El Pueblo de Puerto Rico, destinándose los bienes al 'fondo de la universidad' " y según el artículo 913 del mismo cuerpo legal "Para que El Pueblo de Puerto Rico pueda apoderarse de los bienes hereditarios habrá de preceder declaración judicial de heredero, adjudicándole los bienes por falta de herederos legítimos."

Al comparecer el Pueblo de Puerto Rico en la forma ya indicada, claramente hizo constar en su escrito que Domingo Torréns Díaz, supuesto padre natural de la demandante, había fallecido "sin dejar parientes conocidos con derecho a heredar sus bienes," por lo cual éstos le corresponden, teniendo El Pueblo radicada con tal fin la correspondiente solicitud sobre declaratoria de herederos. Aunque de los autos del presente caso no se desprende si se dictó o no resolución declarando que El Pueblo de Puerto Rico tenía derecho a heredar los bienes del finado Torréns Díaz aparece, sin embargo, de los mismos que su moción para desestimar la demanda fué declarada sin lugar y que durante el juicio del caso en sus méritos los abogados de El Pueblo intervinieron extensamente en oposición a las contenciones de la demandante. De haber comparecido los herederos desconocidos, El Pueblo de Puerto Rico no hubiera tenido derecho a comparecer, ni hubiera podido comparecer, en el pleito de filiación. La incomparecencia de tales herederos y la comparecencia de El Pueblo hizo que éste pudiera ser considerado como único heredero del finado de acuerdo con la ley. Bajo esas circunstancias, al dictarse sentencia adversa a la demandante era innecesario que ésta notificara su escrito de apelación a John Doe y Richard Roe en

su carácter de herederos desconocidos del supuesto padre de ella.   Siendo el Pueblo de Puerto Rico la entidad que comparecía en su carácter de heredero del finado, la notificación del escrito de apelación a éste era suficiente.   A ello dió cumplimiento estricto la apelante.

■■ De conformidad con el artículo 296 del Código de Enjuiciamiento Civil "una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Si bien parte contraria a los fines de ese artículo es aquélla que puede ser afectada por la revocación o modificación de la sentencia o providencia apelada—2 Cal. Jur. 334, sec. 120— sin embargo no es menester notificar del escrito de apelación a una persona que no figura como parte en el litigio, a pesar del hecho de que esa persona pudiera ser afectada por la revocación o modificación de la sentencia o providencia apelada. *Padilla* v. *Corte de Paz*, 34 D.P.R. 606; *Potrero Nuevo Land* v. *All Persons Claiming, Etc.*, 155 Cal. 371, 101 Pac. 12; 3 Am. Jur. 163, sec. 465; 88 A.L.R. 431.   Con el propósito de determinar quién es una parte contraria tan sólo debe examinarse el *récord.*   2 Cal. Jur. 335; *Potrero Nuevo Land* v. *All Persons Claiming, Etc.*, supra, siendo los únicos autos a ser examinados, con el objeto de resolver si un escrito de apelación ha debido notificarse a tal o cual parte, aquéllos en que el recurso de apelación ha sido interpuesto y ningunos otros.   *In re Ryer's Estate*, 110 Cal. 556, 42 Pac. 1082.   Y el hecho de que la sentencia o providencia puedan ser utilizadas como evidencia en algún pleito o procedimiento colateral o que su revocación pueda resultar perjudicial a una persona que no es parte en el mismo, no da derecho a esa persona a ser notificada del escrito de apelación.   *In re Ryer's Estate*, supra; *In re Bullard's Estate*, 114 Cal. 462, 46 Pac. 297; *Mohr* v. *Byrne*, 132 Cal. 252, 64 Pac. 257.

■■ No hay duda de que en este caso el interventor Julio Díaz Silva Torréns no figuró como parte en el tribunal inferior, ni antes de dictarse sentencia ni al dictarse la misma. Tampoco figuraba como parte en el pleito al momento de presentarse el escrito de apelación de la demandante. Si bien en la actualidad figura como interventor, ello lo ha sido a virtud de resolución dictada por este Tribunal, con el allanamiento de la propia demandante.(1) Empero, no siendo Julio Díaz Torréns, estrictamente hablando, parte en el pleito en el tribunal a quo, era innecesario notificarle de la apelación. El hecho de que con anterioridad a la dictada en el presente el Tribunal Superior de Puerto Rico, Sala de Mayagüez, dictara sentencia favorable a la parte demandante en el otro pleito de filiación en que el interventor aparecía como parte, y el hecho de que antes de expirar el término para apelar en el presente recurso esa sentencia hubiese sido confirmada por nosotros,(2) surgiendo a virtud de tal confirmación derechos hereditarios, o de cualquier otra índole, a favor del interventor, no altera la situación. La realidad sigue siendo que él no fué parte en este pleito en el tribunal sentenciador. No tenía, por tanto, que ser notificado del escrito de apelación.

*La moción para desestimar será declarada sin lugar.*

---

(1) La Regla 21 de las de Enjuiciamiento Civil dispone en lo esencial que:

". . . Cualquier parte podrá ser eliminada o adicionada por orden de la corte a moción de cualquier parte o a iniciativa de la corte en cualquier estado del procedimiento y bajo las condiciones que estime justas. . . ."

Véanse además, *Mullaney* v. *Anderson*, 342 U. S. 415, 96 L. ed., 458; 3 Moore's *Federal Practice* pág. 2906, sec. 21.04.

(2) Véase *Silva* v. *Doe*, 75 D.P.R. 209.