269 P.2d 1075

MAHON

v.

CITY OF POCATELLO et al.

No. 8084.

Supreme Court of Idaho.

April 27, 1954.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for appellants.

168

Anderson & Anderson, Pocatello, for respondent.

TAYLOR, Justice.

The deceased, Charles L. Mahon, was employed by the defendant City of Pocatello, as a police officer and part-time in the activities of the street and water departments. On August 1, 1952, while on police duty, he was injured in a collision between a police car, driven by him, and another automobile.

In this collision the deceased suffered dislocation of his right shoulder, bruised right hip, bruised pelvis, and some minor injuries and scratches. He was taken to a hospital, where he remained until August 3rd, after which he remained at home until about August 8th, when he took a trip into Oklahoma in a car driven by his son. He returned home about August 20th, and returned to his employment August 24th, and thereafter continued in his employment until his death on September 19, 1952. The immediate cause of death was coronary thrombosis.

His widow, the respondent, filed claim for death benefits for herself and her three children, residing with her at Pocatello. The children at the time of the hearing were 7, 5, and 2 years of age. Upon the hearing, it developed that the deceased had two minor children of a previous marriage, living at Wright City, Oklahoma, who were partially dependent upon him.

The board made an award and apportioned the benefits to the widow and three children residing at Pocatello, and to the two children residing in Oklahoma. The employer and surety appealed. The notice of appeal is addressed as follows:

"To the above named Mildred L. Mahon, claimant, before the Industrial Accident Board and respondent herein; and to her attorney, Walter H. Anderson; to the Industrial Accident Board and to Joseph M. Smith, Secretary of said board; to the Supreme Court of the State of Idaho and to Clay Koelsch, Clerk of said Court:"

The respondent has moved to dismiss the appeal on two grounds. First, that it was

not addressed to nor served upon the two children who live in Oklahoma, and second, that it was not addressed to nor served upon the three minor children residing with the widow at Pocatello.

Section 13–202 I.C. requires that the notice of appeal be served "on each adverse party who has entered an appearance in the action or proceeding, or his attorney." Section 72–609 I.C., particularly applicable to appeals from the Industrial Accident Board, requires that the notice be served "upon the adverse party or his attorney." The two children in Oklahoma were not made parties to these proceedings, no process was served upon them, no guardian was appointed for them, and they made no appearance. Counsel for the widow and three children residing at Pocatello, stated at the hearing that he was not authorized to, and did not, represent the two residing in Oklahoma. These two children were, therefore, not parties to these proceedings, and, not being parties, they could not be "adverse parties", on whom notice of appeal is required to be served. Kissler v. Moss, 26 Idaho 516, 144 P. 647; Sherman v. Nixon, 36 Idaho 195, 209 P. 886; Walker v. Jackson, 48 Idaho 18, 279 P. 293; Annotation 88 A.L.R. 430–431.

As to the three children of the widow at Pocatello, the widow filed and prosecutes the claim in their behalf, without the appointment of a guardian. This court has held she may so do. Hiebert v. Howell, 59 Idaho 591, 85 P.2d 699, 120 A.L.R. 388, and annotation at page 395. Further, the statute, § 72–301 I.C., subsection 2, authorizes the payment of compensation awarded to a dependent child or children to the dependent widow or widower, subject to the discretionary control of the board. It thus appears that the widow is authorized to file and prosecute the claim, and to collect the compensation for her minor children, in the absence of contrary directions by the board. Hence, in this case the direction of notice of appeal to her and to her counsel and service upon them is sufficient. The motion to dismiss is denied.

On the merits the sole issue is the sufficiency of the evidence to sustain the award, particularly as to whether the evidence is sufficient to establish a causal connection between the injury and death of the employee.

Various lay witnesses, including the widow and fellow employees of the deceased, testified that he had not complained of illness or pain prior to the accident, except that his right shoulder had been previously dislocated; that from the time of the accident to his death he complained of pain in the bruised hip and soreness just above the hip, in his shoulder and arms, and in the left side of his chest. On May 23, 1952, he had been given a cursory examination in connection with a life insurance application by Dr. R. G. Crandall, and found normal, except that he was overweight. At that time he was five feet nine inches in height, and weighed 210 pounds.

Following his death, an autopsy was performed by a pathologist, Dr. Ed Burton Webb. Based upon facts given him in an hypothetical question, and upon his own findings, Dr. Webb testified: "His injury could not be associated with his death." Explaining, the doctor said the blood clot which was the cause of the occlusion resulting in death, was not more than a day or two old; that the high coagulability of blood following an injury does not continue for more than two weeks, and that the fresh clot found by him seven weeks after the injury could not have resulted from the injury. Detracting, to a minor degree, from Dr. Webb's opinion is the fact that his first report made immediately following the autopsy contained the statement, "* * * it is possible that the injuries received while at work precipitated death in this case." This first report was made before Dr. Webb had been advised of the date of the injury and, after learning of the time lapse between injury and death, he made a supplemental report finding no connection between injury and death.

Dr. Richard Howard, a specialist, who estimated that about sixty percent of his practice is concerned with heart disease, basing his opinion upon facts hypothetically stated to him and upon the findings of Dr. Webb, gave it as his opinion, " * * * there would be no connection between an injury of six or seven weeks previous and his sudden death six or seven weeks later. * * * If this blood clot was only two or three days old there could be no conceivable relationship between the injury and his death." Dr. Howard had never seen or examined the deceased.

Dr. David E. Harris, apparently a general practitioner at Pocatello sence 1932, testified as a witness for the plaintiff. He had not seen or examined the deceased. Based upon an hypothetical statement of the facts, he testified: "My opinion is the death was caused by this injury." Dr. Harris testified further, the decedent's complaints of pain in his chest and arms following the injury, indicated "he had a mild myocardial infarction. It was some days or weeks before he got the second one. The second one is sure to follow the first one and the second one is always more severe."

It is quite apparent that the testimony of lay witnesses in such a case as this is of little value except as a source of symptoms, to be applied and evaluated by medical experts. In other words, the causal connection between the injury and death presents a medical question. Here we have two medical experts giving their opinion that the injury had no connection with the death, and one giving his opinion that the injury caused the death. Although there is a difference in numbers, the testimony on both sides of the issue is competent and substantial. The board adopted Dr. Harris' view and found that the decedent's "accidental injuries of August 1st contributed to and precipitated or hastened his death * * * ." Being supported by substantial and competent evidence, the board's finding

will not be disturbed. Rand v. Lafferty Transportation Co., 60 Idaho 507, 92 P.2d 786; Stroscheim v. Shay, 63 Idaho 360, 120 P.2d 267; Paull v. Preston Theatres Corp., 63 Idaho 594, 124 P.2d 562; In re Smith, 72 Idaho 8, 236 P.2d 87.

The award is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.